497 A.2d 1365

**Nilda Marcia Martinez Hernandez TAYLOR a/k/a Nilda Marcia Taylor**

v.

**Antonio Nemesio TAYLOR a/k/a Tony Taylor, Appellant.**

Superior Court of Pennsylvania.

Argued May 21, 1985.

Filed Sept. 6, 1985.

John M. McAllister, Philadelphia, for appellant.

Joseph T. Quinn, Upper Darby, for appellee.

Before CAVANAUGH, CIRILLO, and HESTER, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Delaware County. The appellant, husband, asserts *inter alia* that the lower court abused its discretion by "mechanically dividing" the parties' marital assets, and awarding the appellee, wife, permanent alimony. We affirm.

Appellee instituted an action in divorce alleging an irretrievably broken marriage pursuant to Section 201(c) of the Pennsylvania Divorce Code.[1] The trial court entered a decree of divorce, and referred the collateral issues of alimony, costs, and distribution of the marital estate to a divorce hearing master. The master filed a report and recommendation to which both parties filed exceptions. Following a hearing de novo, the trial court awarded appellee: (1) permanent alimony in the amount of $400.00 a month for a period of 30 months; (2) counsel fees of $5,000.00 to be paid by appellant in monthly installments; and (3) marital assets, including one-half the net proceeds of the appellant's monthly Major League Baseball pension of $1,338.00, the marital home valued at $65,000, and a rental property valued at $15,000.

The court awarded appellant the residue of his major league pension, and all awards, bats, gloves, and pictures acquired during his career. It is from this order that appellant filed the instant appeal.

---

1. The New Divorce Code provides:
    It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.
   The Act of April 2, 1980, P.L. 63, No. 26, § 201; 23 P.S. § 201(c).

■ The standard by which we review the equitable distribution of marital property, awards of alimony pendente lite, counsel fees, and permanent alimony is the abuse of discretion standard; absent an abuse of discretion by the trial court we will not disturb the award. *Vajda v. Vajda,* 337 Pa.Super. 573, 487 A.2d 409, 412 (1985); *Semasek v. Semasek,* 331 Pa.Super. 1, 479 A.2d 1047, 1050 (1984); *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163, 165–166 (1983) (en banc); *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351, 1353 (1983).

■ Unfortunately the issues raised by appellant here cannot be reviewed by this Court. Pa.R.Civ.P. 1920.52(a) requires that the post-trial practice and procedure of all claims involving marital property or alimony shall be in accordance with Rules of Civil Procedure 227.1 to 227.4, which require post-trial exceptions to be filed in order to preserve issues on appeal. As Judge Cavanaugh indicated in *Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983) (en banc), and more recently in *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984) (en banc), where appellant fails to file exceptions to the order of the trial court, the issues raised with respect to the merits of the order are waived. *Id.,* 321 Pa.Super. at 223, 467 A.2d at 1335.

In the case at bar appellant failed to file exceptions to the order of the trial court. Instead, appellant filed a direct appeal to this Court. Therefore the issues raised on the appeal are waived. Accordingly we must affirm the order of the lower court.

AFFIRMED.

CAVANAUGH, J., files a concurring statement.

CAVANAUGH, Judge, concurring:

As the majority notes, appellant failed to file exceptions to the order of the trial court. Rather, appellant appealed directly from the order of August 14, 1984, but before a final order was entered pursuant to Pa.R.C.P. 227.4. On

the basis of *Szakmeister v. Szakmeister,* 344 Pa.Super. 465, 496 A.2d 1199 (1985), I would therefore quash the instant appeal.