523 A.2d 1158

**Helene COLAGIOIA**

**v.**

**Angelo COLAGIOIA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed March 30, 1987.

---

James Cunilio, Bry Mawr, for appellant.

Frances A. Fruhwirth, Doylestown, for appellee.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County denying a request for equitable distribution and all other economic claims under the Divorce Code.  We quash.

On December 27, 1983, appellee, Helene Colagioia, and appellant, Angelo Colagioia, executed a prenuptial agreement. Helene waived all rights to Angelo's property and all claims to alimony and support if the marriage terminated other than by death. The parties were married on December 31, 1983 and two months later, Helene filed for divorce. She asked that the prenuptial agreement be incorporated into the divorce decree, but in the alternative she requested equitable distribution, alimony and counsel fees. Angelo counterclaimed, requesting similar relief. After a hearing, a master recommended that all economic claims be denied as barred by the prenuptial agreement.

Angelo filed timely exceptions to the master's report and, in accordance with local practice, the trial court held a *de novo* hearing. In a decree nisi dated May 2, 1986, the trial court found that the prenuptial agreement governed the parties economic rights, denied all ancillary claims under the Divorce Code, and advised the parties that the decree would become final unless post-trial motions pursuant to Pa.R.C.P. 227.1 were filed within ten days. Angelo filed timely post-trial motions which the court denied with directions to the prothonotary to enter the May 2, 1986 decree nisi as a final decree. No decree of divorce was ever entered by the prothonotary or issued by the court. This appeal followed.

Angelo attacks the validity of the trial court's order on several grounds, but we need not address each of his claims individually. His appeal must be quashed as interlocutory because it has been taken from an order denying equitable distribution. In *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986) (en banc), this court held that settlement of economic and property claims is an incident of divorce. Therefore, a pre-divorce order of equitable distribution is interlocutory and cannot be reviewed until rendered final by the entry of a divorce decree. In the instant case, the trial court determined the economic rights of the parties, but inadvertently failed to issue a divorce decree. Because of this failure, we must quash the appeal.

However, we note that Helene challenged the validity of Angelo's post-trial motions. This presents an interesting point which has recently been causing members of the bar a great deal of confusion.

Under the new Pennsylvania Divorce Code, there are two alternative procedures governing economic claims. The trial court may hear and decide the case or, upon the court's own motion or the motion of either party, the court may appoint a master to hear the testimony and file a report and recommendation to the court. *See* Pa.R.C.P. 1920.51(a)(1).

■ If the claims are not referred to a master but are heard by the court, post-trial procedure is controlled by Pa.R.C.P. 1920.52(a). This rule requires that the parties file post-trial motions in accordance with Pa.R.C.P. 227.1. If an issue is not preserved in a motion for post-trial relief, the matter is waived and may not be considered on appeal. *Szakmeister v. Szakmeister*, 344 Pa.Super. 465, 467, 496 A.2d 1199, 1200 (1985).

■ If the claims are referred to a master, the post-trial procedures are governed by Pa.R.C.P. 1920.55. Under this rule, either party may file exceptions to the master's report within ten days after they receive notice it has been filed. If exceptions are filed, the court must hear argument concerning the exceptions. The court then enters a final decree and no motions for post-trial relief may be filed. The policy underlying these rules is that litigants must be afforded an opportunity at the trial level to challenge the initial decision determining their economic rights.

■ Several counties have adopted a hybrid procedure not specifically authorized by the Rules. In these counties, pursuant to local rule or custom, a party may demand a hearing *de novo* by the court following the filing of a master's report.[1] In *Taylor v. Taylor*, 345 Pa.Super. 184, 497 A.2d 1365 (1985), we held that after such a hearing,

---

1. As the issue has not been presented for our review, we make no decision as to the validity of these procedures. Our decision should not be interpreted as an expression of either approval or disapproval of the continued use by the counties of a *de novo* hearing.

post-trial procedures are governed by Rule 1920.52 and not Rule 1920.55. *Id.*, 345 Pa.Superior Ct. at 186, 497 A.2d at 1366. Therefore, to preserve claims for appeal, a dissatisfied litigant must file post-trial motions.

Because the hearing is *de novo,* the court's decree is based upon its own review of the testimony instead of that of the master. The court will disregard the master's report and will also ignore the exceptions challenging that report. Therefore, the parties must be given the right to challenge the court's decision which is provided for in Rule 1920.52. Otherwise, the parties will not receive a meaningful review of that decision at the trial level. Such a result would be contrary to the spirit of the Rules and will not be condoned by this court.

Under Rule 1920.55, the trial court's decision is based upon the master's review of the evidence and recommendation. The parties may challenge the master's report by filing exceptions. Allowing the parties to then challenge the court's decree would needlessly prolong the litigation. Under 1920.55, the court has already considered the parties objections when it issues its decree. If the parties were to file exceptions to that decree, they would likely be repetitive and reconsideration of them would be a waste of judicial resources.

■ Many members of the bar have attempted to graft the requirements of *Taylor* onto the procedures of Rule 1920.55. This court has received many motions to quash appeals which claim that *Taylor* was not followed because the parties did not file post-trial motions after the trial court's decision even though the matter proceeded under Rule 1920.55. But *Taylor* is inapplicable in that situation because it only applies when the trial court conducts a hearing *de novo.* Post-trial motions are only required after a trial court's decree in two situations. One, if the matter proceeded under Rule 1920.52. Two, if the matter initially proceeded under Rule 1920.55, but pursuant to a local rule, the trial court later held a *de novo* hearing. Post-trial motions are not permitted if the case proceeded under Rule

1920.55 and a *de novo* hearing was not held. In the future this court shall require the parties to provide us with sufficient information so that we are able to determine whether the trial court conducted a hearing *de novo* or whether it heard argument on the parties' exceptions under Rule 1920.55. This requirement shall be effective for all appeals filed sixty days after the filing date of this opinion.

In the instant case, the matter was first referred to a master. Following his report, the trial court held a hearing *de novo*. After the hearing, the parties filed post-trial motions pursuant to Rule 227.1. This procedure was proper.

However, as previously noted, appellant is attempting to appeal an interlocutory order. Accordingly, this appeal is quashed.