555 A.2d 804

**John KURTAS, Appellee,**

**v.**

**Bernadette KURTAS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1988.

Decided March 3, 1989.

Albert Momjian, Saul Levit, Rachael R. Munafo, Philadelphia, for appellant.

Henry T. Crocker, Charles D. Garner, Jr., Pottstown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

In this appeal, we are requested to review the order and memorandum opinion of the Superior Court, 368 Pa.Super. 648, 531 A.2d 39, affirming the order of the Court of Common Pleas of Montgomery County which had denied the appellant's post-trial motions. The basis of the Superior

Court's order was the untimeliness of the appellant's post-trial motions. Because Superior Court abused its discretion, we reverse.

The facts germane to this appeal are as follows: The parties were married in 1950, separated in 1972 and divorced in 1985 in response to a complaint filed by the appellee in 1982 under § 201(d) of the Divorce Code. A master's hearing was held in March of 1985. Because of the appellant's absence, no testimony was presented in support of her economic claims, resulting in the master recommending that all her economic claims be denied.

Exceptions were filed to this recommendation requiring a *de novo* hearing before the Court of Common Pleas. After taking testimony, the trial judge entered a decree and order on November 15, 1985 divorcing the parties and disposing of the economic claims.[1] Appellant's trial counsel filed post-trial motions on November 27, 1985. At some point prior to November 27, the appellant retained new counsel who filed exceptions to the adjudication on November 29, 1985.[2] After appellate counsel received the appellant's file from her trial counsel, appellate counsel filed supplemental post-trial motions on January 3, 1986, the date set for oral arguments on the post-trial motions. At the argument, neither the appellee nor the trial judge raised or objected to the timeliness of the filing of the post-trial motions or exceptions. After hearing the arguments on the merits, the trial judge entered an order dismissing the appellant's post-trial motions. Appellant then filed a timely appeal to the Superior Court.

Relying upon its decision in *Colagioia v. Colagioia*, 362 Pa.Super. 213, 523 A.2d 1158 (1987), the Superior Court held

---

1. Confusion seems to have occurred because the trial court filed an Adjudication and Finding of Facts dated November 7, 1985 but not entered until November 19, 1985. Even the order from which post-trial relief was sought was dated November 12, 1985, although not docketed until November 15, 1985.

2. The record is unclear as to why the change in counsel occurred. In any event, both prior counsel and present counsel filed post-trial pleadings.

that the appellant waived all her issues by failing to file her post-trial motions within ten days of the November 15, 1985 order in violation of Pa.R.C.P. 1920.52(a) and Pa.R.C.P. 227.1. Superior Court so ruled even though neither the appellee nor the trial judge raised the waiver issue.

Article V, Section 10 of our Constitution vests in this Court the power "... to prescribe general rules governing practice, procedure and the conduct of all courts ... if such rules are consistent with the Constitution and neither abridge, enlarge, or modify the substantive rights of any litigant nor affect the right of the General Assembly to determine the jurisdiction of any court, ... nor suspend nor alter any statute of limitation or repose." Regarding appellate jurisdiction, the legislature has prescribed that appeals from trial courts to appellate courts must be commenced within 30 days after the entry of a final order. 42 Pa.C.S. § 5571(b). By case law, we have set the parameters as to what is a final order. *Fried v. Fried*, 509 Pa. 89, 501 A2d 211 (1985), *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A2d 721 (1977), *Bell v. Consumer Discount Company*, 465 Pa. 225, 348 A2d 734 (1975). The legislature has designated appellate authority by limiting jurisdiction to reviewing final orders, if that review is sought within 30 days of docketing of that order. By our Constitution we have no authority to alter our own jurisdiction, nor do we try.

In implementing our authority to control the court system, this Court promulgated our Rules of Civil Procedure keeping in mind that we had no authority to usurp the legislative powers to establish jurisdictional limitations. As a method of administering a complex judicial scheme we promulgated rules to limit the issues raised on appeal. (*See* Pa.R.C.P. 227.1 et seq.). The need for procedural rules and the necessity for strict compliance was acknowledged by this Court in *Tagnani v. Lew*, 493 Pa. 371, 376, 426 A.2d 595, 597 (1981) wherein we stated:

> With the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be dis-

regarded and a high degree of professionalism be insisted upon. Our resources are not unlimited and must be utilized to provide the greatest good to the greatest number. To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedure designed for issue preservation is essential.

We are cognizant that at times the rigid application of our rules does not serve the intended purpose of justice and fairness but rather results in a harsh or even unjust consequence. For this reason, we promulgated Pa.R.C.P. 126 wherein we granted to the trial court latitude to overlook any *procedural* defect which does not prejudice the rights of a party. These procedural rules are not jurisdictional limitations and the failure to comply with such rules does not divest the trial court of such jurisdiction. By allowing a trial court to overlook a procedural defect does not in any way in and of itself alter the jurisdiction of that court.

In this instance, the trial court chose to ignore the untimely filing of the appellant's post-trial motions and addressed the merits of her alleged errors. Since such consideration was permitted under Rule 126 and did not affect the trial court's jurisdiction, the Superior Court erred in not reviewing the merits of the appeal.

The Order of the Superior Court is reversed and the matter is remanded to that Court for disposition of the appeal on its merits.

STOUT, J., concurs in the result.

LARSEN, J., files a dissenting opinion in which FLAHERTY and PAPADAKOS, JJ., join.

LARSEN, Justice, dissenting.

On August 6, 1982, the appellee, John J. Kurtas (Husband), filed a complaint for divorce against the appellant Wife. The Wife responded with a multi-count answer to the complaint, raising claims for equitable distribution, alimony, counsel fees and expenses. On August 14, 1985, a *de novo*

hearing on the Husband's complaint and the Wife's claims was held before the Family Division of the Court of Common Pleas of Montgomery County with the Honorable Judge Joseph A. Smyth presiding. Subsequently, on November 15, 1985, Judge Smyth filed a decree and order divorcing the Husband and Wife from the bonds of matrimony. Further, he ordered that the parties' residential property be sold for a price no lower than $72,000.00 and the net proceeds of the sale be divided 50%–50% between the Husband and Wife. All other claims for relief asserted by the Wife were denied. Shortly thereafter, on November 19, 1985, Judge Smyth filed an adjudication containing findings of fact and conclusions of law. Following entry of the written adjudication, the Wife discharged her trial counsel. On November 26, 1985, the Wife retained new counsel to represent her. The Wife's new counsel, without having access to former counsel's file, prepared post-trial motions on behalf of the Wife and filed them on November 27, 1985.

On January 3, 1986, the Wife's post-trial motions came up for argument and were heard by Judge Smyth. In opposing her motions, the Husband did not raise the question of their timeliness. Instead, he argued the Wife's motions on the merits. Similarly, the lower court did not raise the late filing of the Wife's motions when they came before it for argument. The court considered the Wife's post trial motions on their merits and, by order dated January 3, 1986, denied relief. The Wife proceeded to file a timely Notice of Appeal from that order.

On appeal in the Superior Court, the Husband and Wife submitted briefs and presented oral arguments on the merits. At no time during the briefing process or at oral argument did the Husband raise any question concerning the timeliness of the post trial motions in the lower court. The late filing of the motions was raised for the first time in the Superior Court's memorandum opinion deciding the case. In its unpublished memorandum opinion the Superior Court said: "Because the post-trial motions were not filed within ten days of the date of entry of the final decree and

order, we find the issues raised therein to be waived and affirm the order of the lower court."

Since in this case a *de novo* hearing was held before Judge Smyth following appellant's exception to the Master's report, Pa.R.Civ.P. 1920.52(a) applies to post-trial practice. Rule 1920.52(a) provides that post-trial procedures "shall be in accordance with Rules of Civil Procedure 227.1 to 227.4, inclusive. Rule 227.1(c) mandates that Post Trial Motions shall be filed within ten days after the filing of the decision. In this case the decision was filed by the court on November 15, 1985 when the decree and order divorcing the parties from the bonds of matrimony and disposing of all economic claims was entered. Thus, under the dictates of Rule 227.1(c), post-trial motions had to be filed by November 25, 1985. The record shows that the wife did not file her motions until November 27, 1985, two days beyond the time set by the applicable rule. Further, it is clear from the record that the Husband, at no time, raised the question of the timeliness of the Wife's post-trial motions. Thus, the question present in this case is: May the Superior Court raise, *sua sponte*, the timeliness of the Wife's motions and then dismiss her appeal on the basis that because her motions were untimely, she waived all of the issues set forth therein.

The majority concludes that under the provisions of Pa.R. C.P. 126 the lower court is permitted to ignore a procedural defect such as the late filing of post trial motions. The majority further concludes that the lower court was exercising the latitude granted it by Rule 126 in choosing to overlook the untimely filing of appellant's post-trial motions and rendering a decision based upon the parties' arguments on the merits. The majority reaches this conclusion notwithstanding that the lower court dismissed appellant's motions by an order without discussion of Rule 126, which is cited by the majority, or Rules 1920.52(a) and 227.1(c), which govern post-trial procedures in this case. In so concluding, the majority exercises the discretion which, by its opinion, is reposed in the lower court. The majority goes

on to hold that the Superior Court erred in not reviewing appellant's appeal on the merits. I disagree.

In a recent line of cases, the Superior Court has consistently affirmed that before the merits of an appeal are addressed, it is incumbent upon the appellate court to determine whether the case is properly before it. *Sipowicz v. Sipowicz*, 358 Pa.Super 319, 517 A.2d 960 (1986); *Wertz v. Anderson*, 352 Pa.Super 572, 508 A.2d 1218 (1986); *Huber v. Huber*, 323 Pa.Super 530, 470 A.2d 1385 (1984). Although the question is not raised by any party to the proceeding, an appellate court may address the issue of appealability *sua sponte. Sipowicz v. Sipowicz, Supra.* 358 Pa.Super. at 322, 517 A.2d at 962. I believe this line of cases correctly interpret and applies applicable law.

The failure to comply with the time limitation of Rule 227.1 which requires that all post-trial motions be filed within ten days can be raised *sua sponte* by the appellate court. Rule 227.1 requires that post-trial motions be filed within ten days after the filing of a decision by the lower court or the issues raised with respect to that decision are waived. *Taylor v. Taylor*, 345 Pa.Super. 184, 497 A.2d 1365 (1985), *Szakmeister v. Szakmeister*, 344 Pa.Super. 465, 496 A.2d 1199 (1985). Thus, where an appellate court determines from the record that post trial motions were not filed within the ten day period prescribed by Rule 227.1, it is incumbent upon that court to declare that all matters raised in the appeal have been waived.

The post-trial practice ordained by the Rules establish a mandatory procedure for preserving issues for appeal. Part of that procedure is that exceptions must be filed within ten days as set forth in Rule 227.1 otherwise all issues are waived. In *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981), we observed:

With the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be discarded and a high degree of professionalism be insisted upon. Our resources are not unlimited and must be

utilized to provide the greatest good to the greatest number. To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedure designed for issue preservation is essential.

Id., 493 Pa. at 376, 426 A.2d at 597. An appellate court always has the right to determine if the appeal is properly before it and if the issues raised have been properly preserved.

I would affirm the order of the Superior Court.

FLAHERTY and PAPADAKOS, JJ., join in this dissenting opinion.