606 A.2d 1207

**Barbara Ann Dewey PAVIE, Appellee,**

v.

**Albert H. PAVIE, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1991.

Filed April 14, 1992.

Sarah M. Ford, Blue Bell, for appellant.

James P. McEvilly, Jr., Feasterville, for appellee.

Before CIRILLO, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

This appeal follows a trial court decree divorcing the parties from the bonds of matrimony and ordering the distribution of marital property. Because our review of the record in this matter has uncovered critical procedural irregularities, we decline review of the ultimate issues on appeal and conclude that the matter of equitable distribution must be remanded to the trial court for a hearing and final order.

The equitable distribution claims in this case were originally presented before a Master in three days of hearings, following which he entered a Report and Recommendation. Among other matters, the Master made a recommendation concerning inheritance funds received by Appellant-husband. The Master acknowledged that these funds were

placed in a joint account but elected to deduct from the account the base amount of the husband's inheritance since it "was received close in time to the separation," and since Appellee-wife had also received a substantial inheritance prior to the hearings which was never converted to marital property. After listing the other marital property, the Master made a recommendation on the division of savings funds, personal property, realty and two mortgages due the parties from their children.

Within ten days of the entry of this Report, Wife filed exceptions and the court issued an order scheduling a "hearing on the Exceptions to Equitable Distribution." On December 10, 1990 a proceeding was held before the trial court, the nature of which cannot be clearly ascertained. A transcript of the proceeding evidences the parties' confusion:

> MR. MC EVILLY [APPELLEE'S COUNSEL]: I guess the threshold issue in this hearing, Your Honor, is what the hearing is all about.
>
> The Conciliator issued his recommendations and the plaintiff is the only one who filed exceptions to the findings. It's our position that the Court signed a order on June 26th saying the hearing on the exceptions of equitable distribution was scheduled in this matter.
>
> Counsel and I have, I believe, cooperated and spoken as much as possible, and exchanged information ahead of time, and we seem to have a difference of opinion as to why we're here this morning.
>
> My position is that we're here only on the issues raised in the exceptions. Counsel's position seems to be that this is a hearing de novo, in which the whole matter can be relitigated.
>
> N.T. 12–10–90 at 2–3.

In response to these remarks, Appellant's counsel stated:

> It's very clear to me. First of all, Gordon Mair [The Master] said any exceptions filed will be a hearing de novo. It's Montgomery County policy to have a hearing de novo, because the Master's hearing is not transcribed.

*Id.* at 5.

Considering the arguments of counsel, the court ultimately stated: "I think it's a de novo hearing." *Id.* at 6. Although labeled a de novo "hearing," no witnesses were sworn, nor was any testimony taken at the December 10th proceedings; the court only heard the arguments of counsel. Among the issues debated was the division of Husband's inheritance funds and the rental value of the house Appellant occupied during separation. The court made no specific comments on these matters in its December 12th order in which it "affirmed and ratified" the Master's "recommendations." The court's order, which was not labeled a "final" order, made one exception and altered the recommended equal distribution of the marital estate to award 53% to Wife and 47% to Husband.

After entry of the court's order Wife filed a motion for post-trial relief. Therein Appellee repeated the issues raised in her exceptions including those concerning Husband's inheritance and the rental value of the marital home occupied by Appellant. Wife also requested a new trial alleging that she was unable to present testimony at the de novo hearing and that the hearing was ended due to another court commitment.

On March 22, 1991 the court entered a "Decree and Order." The court acknowledged receipt of argument on Wife's post-trial motions and consideration of the briefs of counsel. The court then affirmed its December 12th order with four changes. Among those changes, it reversed the previous ruling and ordered that Husband's inheritance totalling $105,345.86 be included in the marital estate and that Wife recover $54,472.91 from Husband representing the rental value of the marital home occupied by Husband. The March 22nd order also decreed that the parties were hereby divorced from the bonds of matrimony.

On April 6th, Wife filed a Petition to Modify the court's most recent order alleging that a securities account had increased in value from the time of the Master's report, and that she should be entitled to 53% of the increase. The

court agreed with wife's position and on April 19, 1991, within 30 days of its March 22nd order, the court entered an order awarding Wife an additional $12,529.97 to reflect her portion of the increase in the joint securities account.

 Husband filed this appeal in which he maintains the trial court erred in considering wife's Petition to Modify as a Motion for Reconsideration and entering an order thereon where Wife failed to raise the matter in her post-trial motions. He makes further claims regarding his inheritance, the rental value of the marital home, the court's failure to consider his payment of income and personal property taxes and the absence of an accounting of liquid marital assets distributed in 1984.

It is impossible for this court to consider these claims with the record before us. No transcript was made of the hearing before the Master, and the proceeding labeled a "hearing" which took place before the trial court contains no testimony. It was only after the trial court considered both exceptions and post-trial motions filed by Wife that it altered, in a significant manner, the ultimate distribution scheme recommended, and the court took such action without consideration of a transcript of the testimony taken before the Master and without itself receiving such testimony. It is unclear from the record whether the trial court was able to consider the impact of these changes as they related to the distribution scheme.

As this court has previously identified, there are two alternative procedures governing economic claims under the Pennsylvania Divorce Code. *See Colagioia v. Colagioia,* 362 Pa.Super. 213, 523 A.2d 1158 (1987). The rules provided that a trial court may hear testimony and decide a case, or "may appoint a master ... to hear the testimony and return the record and a transcript of the testimony to the court, together with a report and recommendation." Pa. R.C.P., Rule 1920.51(a)(1), 42 Pa.C.S.A. A third approach, which is not specifically authorized by the Rules and which is apparently in place in Montgomery County, permits a party to demand a hearing de novo by the court following

the filing of a master's report. *See Colagioia v. Colagioia, supra.* In the later situation "[b]ecause the hearing is *de novo,* the court's decree is based upon its own review of the testimony instead of that of the master." *Id.,* 362 Pa.Superior Ct. at 218, 523 A.2d at 1160.

A critical distinction between the alternative means of determining economic matters concerns review of the decision regarding equitable distribution. Where the court initially considers the parties' claims in a hearing and rules on the distribution scheme the parties are required to file post-trial motions in accordance with Pa.R.C.P. 227.1. *See,* Pa.R.C.P. 1920.52(a). As with all post-trial motions, the filing of such allows the trial court an opportunity to reexamine its decision in light of the alleged error and preserves the issue for purposes of appeal.

In instances where the claims are referred to a master, the provisions of Pa.R.C.P. 1920.55 govern. This rule requires that any objections to the master's report, to evidentiary rulings, to findings or fact or conclusions of law or to any matters which occurred during the hearing, are to be included in exceptions filed within ten days after notice of the filing of the master's report is mailed. When exceptions are filed, the court is to hear argument on the exceptions and enter an appropriate final decree. No motions for post-trial relief may be filed in response to the final decree; rather the 30 day appeal period begins. Pa.R.C.P. 1920.55.

In counties where the hybrid procedure is employed and the matter is first heard by a master followed by a de novo trial court hearing, the court will disregard the master's report and also ignore the exceptions challenging the report. *Colagioia v. Colagioia, supra.* The court then issues an order based upon the testimony heard and information presented in the hearing. To achieve meaningful review of the trial court's decision which was reached following the hearing, the aggrieved party has been required to raise its claims in post-trial motions. *Id.; Taylor v. Taylor,* 345 Pa.Super. 184, 497 A.2d 1365 (1985).

■ The hybrid procedure which is apparently in place in Montgomery county can be criticized for two reasons. First, it results in a waste of both the litigants' and the court's time and resources. Because this practice requires the court to hold a de novo hearing after the matter has been heard before a master, the initial hearing becomes a nullity, as does the master's report. The hearing before the master and the report the master issues have no identifiable purpose and become merely useless tasks undertaken before review of the case by the court.

■ Secondly, the procedure is fraught with the danger that it will be misused, such as occurred in the instant case. Here the Master had a hearing and took testimony, yet the directives of Pa.R.C.P. 1920.53 were not followed and the Master did not file a record and transcript of the testimony which was presented to him. The Master did file a report labeled a "Conciliator's Recommendation Upon Equitable Distribution Alimony and Counsel Fees and Costs" to which Wife filed exceptions. The exceptions were not, however, treated as exceptions because the court announced that it was holding a de novo hearing. Despite this announcement no testimony was received and the court merely listened to arguments on the exceptions. Thereafter, the court issued its order, which did not provide reasons for the equitable distribution of the property as required by Pa.R.C.P. 1920.-52, but merely affirmed the Master's report with one exception. To this order Wife filed post-trial motions and the court responded with further modifications in its final order and decree.[1] As a result of this practice, wife was permitted to object twice to the distribution of the marital property, once in the form of exceptions and once in the form of post-trial motions. Even more egregious, the court was

1. We note that following this order, but within 30 days, the court entertained a further motion filed by wife and once again modified its order. Although husband contests the authority of the trial court to take such action, we make no comment regarding this claim because the manner in which the earlier proceedings were conducted was so procedurally flawed that it is necessary to remand this case to the trial court for a new hearing and order of equitable distribution.

permitted to issue an order of equitable distribution without the benefit of either in-court testimony or a transcript of the record.

On appeal, Husband questions the actions of the court and contends that certain matters were not considered, yet we are unable to determine whether these matters were presented and rejected, or if they were never presented at all.

■ This case demonstrates why it is imperative for courts to follow those rules set forth in the Pennsylvania Rules of Civil Procedure. It is clear from an examination of the record and the trial court's comments that neither the court nor the parties were sure of the proper procedure in this matter. As a result, a confusing procedure applying some, but not all, of the elements of both Rules 1920.52 and 1920.55 was utilized. A recurrence of this procedural irregularity will not occur if the parties and the court conduct themselves as directed by the rules. Where a master is utilized, the master shall conduct a hearing, and file a transcript and report, to which the parties may file exceptions. A de novo hearing is not to be held before the trial court, rather the court is to hear arguments on those matters raised in the exceptions. A final decree is then to be issued, and if an appeal is desired it should be taken within 30 days. No motions for post-trial relief should be entertained.

■ Where the trial court hears the case, without it first proceeding to a master, the court shall enter a decision and state its reasons in support of that decision. The parties are permitted to file post-trial motions in which they must raise any matters they wish to have considered on appeal.

23 Pa.C.S.A. § 3321 permits a case by case reference to a master for an unrecorded hearing. To the extent this practice is used, exceptions following a master's hearing are not permitted but a de novo hearing on demand must occur if requested within 10 days after notice of the filing of the master's report. A de novo hearing in the trial court must

include an actual trial at which evidence is presented, witnesses heard, and the proceedings recorded.

Because of the complex procedural misrouting which this case undertook, we deem it appropriate for the entire matter of equitable distribution to be returned to the trial court for a full hearing. The parties and the court are to proceed as directed in Pa.R.C.P. 1920.52, and any grievances with the court's decision are to be raised in timely filed post-trial motions.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.