J-A24017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.S.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| W.P., III | |
| Appellee | No. 3336 EDA 2015 |

Appeal from the Decree October 23, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2007-19144

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

MEMORANDUM BY OTT, J.:                    **FILED November 23, 2016**

M.S.P. ("Wife") appeals from the decree in divorce entered on October

23, 2015,[1] in the Montgomery County Court of Common Pleas related to the

dissolution of her marriage to W.P., III ("Husband"). The trial court entered

the decree after dismissing Wife's "exceptions" to the report and

---

[1] We note Wife filed her *pro se* notice of appeal from the order entered October 19, 2015, dismissing her exceptions in equitable distribution, and making final a master's report and recommendation entered February 11, 2015. **See** Notice of Appeal, 11/2/2015; Order, 10/19/2015. However, this Court has made clear "a pre-divorce decree distributing marital property is interlocutory … [and] cannot be reviewed until it has been rendered final by the entry of a decree in divorce." **Wilson v. Wilson**, 828 A.2d 376, 378 (Pa. Super. 2003) (citation omitted).  Here, the trial court entered a final decree in divorce on October 23, 2015.  Therefore, we will consider this appeal as properly filed after the entry of the divorce decree. **See** Pa.R.A.P. 905(a)(5).  We direct the Prothonotary of this Court to correct the caption accordingly.

recommendation of a master determining the parties' claims of equitable distribution. On appeal, Wife contends the trial court erred in (1) dismissing her "exceptions," rather than continuing the trial *de novo*, when she failed to appear, and (2) permitting her attorney to withdraw. Moreover, Husband has filed a motion seeking quashal of this appeal and an award of sanctions. For the reasons that follow, we deny Husband's motion to quash the appeal, and affirm the divorce decree.

The relevant facts and procedural history are summarized by the trial court as follows:

> On August 7, 2007, [Wife] filed a Complaint in Divorce against [Husband]. Count II of the Divorce Complaint requested equitable distribution of the parties' marital property. On November 3, 2014, an equitable distribution hearing was held before the Honorable Arthur R. Tilson, S.J. sitting as Special Master. On January 22, 2015, Judge Tilson issued a Master's Report and Recommendation upon Equitable Distribution, Alimony, Counsel Fees and Costs.[1] On February 11, 2015, [Wife] filed Exceptions to Recommendation of Conference Officer/Master. On June 18, 2015, the court scheduled [Wife's] exceptions for a two day trial to be held on October 19 and 20, 2015. The June 18, 2015 scheduling notice was sent to both parties at their addresses of record, as well as to [Wife's] counsel, Thomas F. Grady, Esquire, and [Husband's] counsel, Mary T. Vidas, Esquire.

> _____

> [1] On February 26, 2015 Judge Tilson issued an Amended Master's Report and Recommendation upon Equitable Distribution, Alimony, Counsel Fees and Costs. [Our review reveals no changes in amended report.]

> _____

> On October 19, 2015, Thomas Musi, Esquire appeared on behalf of [Wife], but [Wife] failed to appear.[2] [Husband] and Ms. Vidas were present and ready to proceed with the hearing.

- 2 -

Mr. Musi stated to the court: "I was contacted in July in this matter … I've attempted to work with the client, and there has been a lack of communication." N.T. October 19, 2015 at 3-4. Mr. Musi stated to the court that he had filed by letter with the court "a continuance of this hearing based upon my client's direction." The continuance request had been objected to by [Husband's] counsel, and denied by the court before the October 19, 2015 hearing. N.T. at 4. Mr. Musi stated that he and [Wife] "… were certainly not working together preparing for this trial ...", and that he had "very limited ability to review documentation" prior to trial because [Wife] "…was not authorizing me to do such." N.T. at 5. Mr. Musi stated that on September 29, 2015 he filed "a request to allow me to withdraw my appearance." N.T. at 5. Mr. Musi stated[:] "So based upon all those facts, I'm simply not prepared to proceed, and would renew my request to allow me to withdraw from this matter." N.T. at 5. When addressing [Wife's] absence from the courtroom, Mr. Musi stated: "I looked out in the hallway, I've asked opposing counsel as well as the witnesses as to whether they've seen her. Everyone has indicated that they have not seen her or heard from her." N.T. at 7. In response to Mr. Musi, the court stated: "And I have not heard – and I just stopped at my chambers before I came up here, and my secretary didn't say that [Wife] had called, or was any way saying she was late or something to that effect." N.T. at 8. Ms. Vidas stated that she did not object to Mr. Musi's request to withdraw his appearance. N.T. at 6. The court permitted Mr. Musi to withdraw his appearance.

_____

[2] On September 23, 2015 Mr. Grady filed a withdrawal of his appearance for [Wife], and … Mr. Musi filed his entry of appearance for [Wife].

_____

Ms. Vidas made an oral motion to dismiss [Wife's] equitable distribution exceptions, and requested that the court enter "as the order of the court Judge Tilson's recommendation that was dated January 23, 2015 arising from the hearing and/or trial that was held on November [3], 2014." N.T. at 6. The court granted [Husband's] counsel's request and [Wife's] exceptions in equitable distribution were dismissed. Referring to [Wife's] absence from the courtroom, the court stated: "… my chambers hasn't heard from her, you haven't heard from her, she's not here, they are her exceptions." N.T. at 8.

On October 19, 2015 the court issued an order granting [Husband's] oral motion to dismiss [Wife's] February 11, 2015 Exceptions in Equitable Distribution, and make Judge Tilson's equitable distribution report and recommendation a final order. On October 23, 2015, [Wife] filed a Motion for Reconsideration of [the trial court's] Order of 10/19/15 Dismissing [Wife's] Exceptions of 2/11/15 Equitable Distribution. In her motion, [Wife] stated that she failed to appear at the October 19, 2015 hearing due to "medical issues requiring hospitalization of 4 nights including 10/19/15." [Wife] states in the motion that due to the difficulty in communicating and preparing for trial with her counsel, and due to the fact that the court denied Mr. Musi's request for a continuance of the October 19, 2015 hearing, [Wife] was "under a lot of stress". [Wife] states she was, therefore, "required" to seek medical attention, and she contacted two physicians. [Wife] states that one of these physicians recommended [Wife] "seek hospitalization", and [Wife] drove herself to a hospital and was admitted. [She] states she was in the hospital "for 4 nights, including the trial date of October 19, 2015." [Wife] does not state anywhere in her motion what her medical diagnosis was, or what ailment or injury she was suffering from which required hospitalization. [Wife] states generally in her motion that she was hospitalized for "medical reasons" from October 17, 2015 to October 20, 2015 and that "documents showing [Wife] was hospitalized for medical reasons" are attached to the motion. However, no attachment was made. Furthermore, despite having notice of the trial date of October 19, 2015, [Wife] did not contact the court, or her attorney, to inform anyone about her hospitalization. Instead, [Wife] states in her Motion that "no effort was made to call [Wife's] cell phone number…by her counsel or the court to inquire of her whereabouts."

On October 29, 2015, the court denied [Wife's] October 23, 2015 Motion for Reconsideration.

Trial Court Opinion, 1/5/2016, at 1-4 (some record citations omitted). This timely appeal followed.[2]

---

[2] On November 6, 2015, the trial court ordered Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). *(Footnote Continued Next Page)*

Before we may review Wife's substantive claims on appeal, we must first consider Husband's motion to quash. On March 3, 2016, Husband filed, in this Court, a motion seeking to (1) quash Wife's appeal for her failure to comply with the Pennsylvania Rules of Appellate Procedure; and (2) strike from the reproduced record medical documents that were not included in the certified record before the trial court. **See** Motion to Quash Appeal and for Sanctions, 3/3/2016, at ¶¶ 3-5, 13, 15-20. He also requested the imposition of monetary sanctions, pursuant to Pa.R.A.P. 2744, due to Wife's "dilatory, vexatious, and bad faith conduct." **Id.** at ¶ 22. Thereafter, on March 17, 2016, Wife filed a response, as well as an application for a partial seal of the record, specifically those documents related to her medical records.[3] On April 4, 2016, this Court entered a *per curiam* order, striking

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Wife complied with the court's directive, and filed a concise statement on November 23, 2015. We note that when Wife filed her notice of appeal, she was proceeding *pro se*, however, she subsequently retained counsel, who filed a timely reply brief.

[3] Implicit in her request to partially seal the record was a request to supplement the record with the aforementioned medical documents that were not attached to her motion for reconsideration. That same day, Wife filed in the trial court a document titled, "Emergency Motion for Reconsideration of the Motion for Reconsideration dated October 23, 2015 and Application to Correct and Modify the Record pursuant to Pa.R.A.P. 1926." Wife's Reply Brief at 5 n.7. While this emergency motion is not included in the certified record, Wife explains in her Reply Brief:

> That Emergency Motion set forth the fact that certain medical records (three pages) confirming the hospitalization expressly intended to be attached to the Reconsideration Motion were in

_(Footnote Continued Next Page)_

- 5 -

Wife's medical records from the reproduced record, deferring both Husband's motion to quash and his request for sanctions to the merits panel, and denying Wife's requests to supplement and partially seal the record. *See* Order, 4/4/2016. Accordingly, Husband's motion to quash is ripe for our review.

Husband seeks to quash the appeal based upon the deficiencies in Wife's *pro se* brief and reproduced record. Namely, he asserts (1) the brief is "completely devoid of legal support[;]" and (2) the reproduced record improperly contains documents which were "absent from the record on appeal." Motion to Quash Appeal and for Sanction, 3/3/2016, at ¶¶ 3, 13. He concludes these actions constitute "dilatory, vexatious, and bad faith conduct" necessitating monetary sanctions. *Id.* at ¶ 22. We disagree.

It is well settled "this Court may quash or dismiss an appeal if the appellant fails to conform substantially to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Karn v. Quick & Reilly Inc.*, 912 A.2d 329, 335 (Pa. Super. 2006). Moreover,

> [a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable

_(Footnote Continued)_ ———————————

> fact submitted to court personnel, but apparently not considered when reconsideration was denied on October 29, 2015.

*Id.* The trial court subsequently denied the motion on March 25, 2016. *See id.*

extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284–1285 (Pa. Super. 2006) (quotation omitted).

Our review of Wife's *pro se* brief reveals no substantial defects that hamper our assessment of her claims on appeal. Contrary to Husband's assertion that Wife's brief is "completely devoid of legal support,"[4] she does refer to the controlling statute in the argument section of her brief. Accordingly, we decline to quash Wife's appeal.[5]

Although Wife purports to raise seven issues on appeal, her argument is focused on two claims: (1) the trial court erred in dismissing her "exceptions" to the master's report and recommendation when she had a satisfactory excuse for her failure to appear at the *de novo* hearing; and (2) the trial court erred in permitting her attorney to withdraw in her absence.

First, Wife contends the trial court erred in dismissing her "exceptions," rather than granting a continuance, when she had a satisfactory excuse for her failure to appear at the *de novo* trial, namely,

---

[4] Motion to Quash Appeal and for Sanction, 3/3/2016, at ¶ 3.

[5] We also decline to award Husband monetary sanctions because he has not demonstrated Wife's conduct in filing this appeal was "dilatory, obdurate or vexatious." Pa.R.A.P. 2744. Although we agree Wife improperly attempted to include medical documentation in the reproduced record that was not before the trial court, those documents have been struck from the reproduced record, and we will not consider them on appeal. *See* Order, 4/4/2016.

"she was hospitalized for severe depression and anxiety and as a precaution for suicide, due to past history." Wife's Brief at 17. Wife's "argument" largely consists of a recitation of the events preceding the October 19, 2015, trial *de novo*. ***See id.*** at 18-22. Specifically, she asserts that while she was aware of the trial date in June 2015, she retained Thomas Musi, Esquire, and Luke Clark, IV, Esquire,[6] as new counsel in mid-July 2015, and "they dropped the ball[.]" ***Id.*** at 18. Wife claims Musi and Clark failed to prepare for trial, or even obtain the files from her prior attorney. ***See id.*** at 19. She maintains they then filed a petition to withdraw as counsel on September 29, 2015, less than one month before trial. Although Wife attempted to obtain a continuance of the scheduled trial, the court denied her request. ***See id.*** at 20. Wife contends the stress of the impending trial, for which she was unprepared, as well as a pre-existing medical condition, led her to seek "emergency medical attention" on October 16, 2015. ***Id.*** at 21. She states she was hospitalized under psychiatric care on October 17, 2015, and not released until October 20, 2015, after the scheduled trial date. Furthermore, Wife asserts no one attempted to contact her on October 19, 2015, to determine her whereabouts, and she was not informed by either counsel or the trial court that the *de novo* trial would proceed in her absence. ***See id.*** at 22.

---

[6] Only Mr. Musi appeared for Wife at the October 19, 2015, hearing.

Our disposition of Wife's claims involves an interpretation of the Pennsylvania Rules of Civil Procedure.[7]  Rule 1920.51 permits a trial court "upon its own motion or the motion of either party" to appoint a master to determine certain matters in divorce actions, including equitable distribution of property.  Pa.R.C.P. 1920.51(a)(1).  After the appointed master holds a hearing, and issues a report and recommendation, a party seeking to challenge the master's report must either file exceptions pursuant to Pa.R.C.P. 1920.55-2, or request a *de novo* hearing pursuant to Pa.R.C.P. 1920.55-3.  When exceptions are filed under Rule 1902.55-2, the trial court hears argument on the exceptions before entering a final decree.  Pa.R.C.P. 1920.55-2(c).  If no exceptions are filed by either party, the Rule states "the court shall review the report and, if approved, shall enter a final decree." Pa.R.C.P. 1920.55-2(d).

Conversely, when a case proceeds under Rule 1920.55-3, no record is made of the master's hearing.  Pa.R.C.P. 1920.55-3(a).  A party who seeks to challenge the master's report and recommendation "may file a written demand for a *de novo* hearing."  Pa.R.C.P. 1920.55-3(c).  When such a demand is filed, "the court shall hold a hearing *de novo* and enter a final decree."  **Id.**  Like the previous rule, if neither party demands a *de novo*

---

[7] "Statutory interpretation is a question of law, therefore our standard of review is *de novo,* and our scope of review is plenary."  **Tosi v. Kizis**, 85 A.3d 585, 588 (Pa. Super. 2014), *appeal denied*, 97 A.3d 745 (Pa. 2014).

hearing, "the court shall review the report and recommendation and, if approved, shall enter a final decree." Pa.R.C.P. 1920.55-3(d).

Rule 1920.55-1 provides that "[m]atters referred to a master for hearing shall proceed as prescribed by Rule 1920.55-2 unless the court by local rule adopts the alternative procedure of Rule 1920.55-3." Pa.R.C.P. 1920.55-1(a). In the present case, the Montgomery County Court of Common Pleas has adopted the procedures set forth in Rule 1920.55-3. *See id.* Therefore, Wife properly requested a *de novo* hearing to address her dispute with the master's report and recommendation.[8]

As Wife emphasizes in her counseled reply brief, the trial court appears to have been under the misunderstanding that Wife's complaints regarding the master's report were "exceptions" under Rule 1920.55-2. *See* Trial Court Opinion, 1/5/2016, at 12 (citing Rule 1920.55-2, and stating it "dismissed [Wife's] **exceptions** since she was not present to litigate them.") (emphasis supplied). To that end, she argues the court abused its discretion. *See* Wife's Reply Brief at 10. Indeed, Wife asserts: "There is a significant difference between the substantive and procedural due process protections afforded a litigant under the applicable Pa.R.C.P. No. 1920.55-3 from that afforded under the inapplicable 1920.55-2." *Id.* In particular, she

_____

[8] We note the document Wife filed was titled, "**Exceptions** to Recommendation of Conference Officer/Master." *See* Exceptions, 2/11/2015 (emphasis supplied). However, the document did not list exceptions to the master's findings, but rather, simply requested a *de novo* hearing. *See id.*

points out Rule 1920.55-3 explicitly states the master's hearing is **not** recorded, as compared to Rule 1920.55-2, which provides for the filing of the transcript. ***See id.*** Wife further argues that where, as here, a timely demand for a hearing *de novo* was filed, "the initial unrecorded hearing and the Master's Report and Recommendation each becomes a 'nullity' that was incapable of being adopted as a final order of the trial court." ***Id.*** at 12, *citing **Pavie v. Pavie***, 606 A.2d 1207, 1210 (Pa. Super. 1992). Therefore, she contends that because the trial court misapplied the law, "its order[] should be reversed." ***Id.*** at 10.

Wife's interpretation of the applicable procedural rules ignores the crucial fact that despite the court's reference Rule 1920.55-2, it did schedule on October 19 and 20, 2015, a "two (2) day Protracted Hearing," *i.e.*, a hearing *de novo*, for which Wife **failed to appear** without notice to counsel or the trial court. Order, June 18, 1015. Pennsylvania Rule of Civil Procedure 218 provides, in relevant part:

> (a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.
>
> * * * *
>
> (c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Pa.R.C.P. 218.

Here, Wife acknowledges she received notice of the scheduled October 19, 2015, hearing four months earlier, that is, in June of 2015. ***See*** Wife's

Brief at 18. Moreover, she admits she sought a continuance of the hearing in early October 2015 – "as a result of the attorney issues and their dropping the ball" – but was advised on October 13, 2015, before the hearing (and before her claimed hospitalization), that her request had been denied.[9] *Id.* at 20. Thereafter, Wife failed to appear for the hearing *de novo*, without alerting counsel or the trial court, and counsel, although present, was unprepared to proceed, purportedly due to Wife's lack of cooperation. Under these circumstances, the court deemed Wife "not ready without satisfactory excuse" pursuant to Rule 218(c), and dismissed her "exceptions," *i.e.*, her request for a *de novo* trial. Pa.R.C.P. 218(c).

The trial court explained the basis for its ruling as follows:

> Not only did [Wife] fail to present the court with a satisfactory excuse, she failed to present the court with any excuse prior to the commencement of the October 19, 2015 hearing for her absence. In paragraph 9 of her October 23, 2015 Motion for Reconsideration, [Wife] states that due to "being under a lot of stress" she contacted two physicians. The first was contacted on October 13, 2015, six days before the scheduled hearing was to begin. The second was contacted on October 15, 2015, four days before the scheduled hearing. Despite contacting her physicians several days before the hearing, [Wife] made no attempt to contact the court, or her attorney, about her alleged medical condition. In her motion for reconsideration, [Wife] states she admitted herself into the hospital on October 16, 2015, three days before the scheduled

---

[9] Wife's attorney also purportedly requested a continuance in a letter sent to the court on September 23, 2015, which the court also denied. *See* Trial Court Opinion, 1/5/2016, at 6. Neither continuance request is included in the certified record or listed on the docket.

hearing, and also states she was "hospitalized…for 4 nights" on October 17, 2015. Despite knowing on October 17, 2015 that she would be hospitalized for four days, [Wife] still failed to contact the court, or her attorney, to inform them of her situation. In fact, [Wife's] alleged medical issues were not raised with the court until [Wife] filed her October 23, 2015 Motion for Reconsideration, and even then, [Wife] refers to her medical condition in vague terms and without any specificity as to the nature of her illness. She also did not attach any medical documentation or physician's letter to her motion, despite stating in her motion that she had done so. Nor did she present any medical documentation or physician's letter to the court independently of her motion for reconsideration. Furthermore, based on [Wife's] statements made in her motion for reconsideration, the court concluded that [Wife's] hospitalization was not based on a true medical emergency, but rather appears to be based on [her] own initiative in contacting her physicians due to "being under a lot of stress". Nothing stated by [Wife] in her motion indicates that [her] alleged medical condition was life threatening, or that she was specifically forbidden from attending the hearing due to a medical diagnosis or doctor's instructions. The court does not find that [Wife's] opinion that she was "under a lot of stress" satisfactorily excuses her from not appearing at trial.

Trial Court Opinion, 1/5/2016, at 6-7.

In determining whether a trial court properly proceeded under Rule 218, "our inquiry must focus on whether the trial court's decision was a proper exercise of discretion based on all facts of the case." **Faison v. Turner**, 858 A.2d 1244, 1246 (Pa. Super. 2004). Here, based on the facts before the trial court at the time it dismissed Wife's request for a *de novo* hearing and entered the master's report and recommendation as a final order, we find no abuse of discretion. When Wife failed to appear for trial, the court properly deemed her "not ready without satisfactory excuse" pursuant to Rule 218(c). Pa.R.C.P. 218(c). Both counsel and the trial court

stated they had not heard from Wife regarding her absence. ***See*** N.T., 10/19/2015, at 5, 7-8. Moreover, counsel explained to the court that he was not prepared to proceed as a result of Wife's lack of communication with him and his "very limited ability to review documentation" due to her failure to "authoriz[e]" him to do so. ***Id.*** at 5. He also noted that after he filed a petition to withdraw, Wife responded, in a timely answer, by "specifically request[ing] that the Court grant [his] petition to withdraw." ***Id.*** Counsel further claimed his efforts to contact Wife after receiving her response were futile, and stated: "[S]o, therefore, I do not even know what her position is or where she is or what is going on." ***Id.*** At that point, the trial court was under no obligation to proceed with the *de novo* hearing.[10] Rather, when it deemed Wife not ready without satisfactory excuse, it proceeded as if no *de novo* request had been filed under Pa.R.C.P. 1920.55-3(d), and, after review, approved the report and recommendation of the master.[11] ***See*** Pa.R.C.P. 1920.55-3(d).

_____

[10] It is evident from a review of the trial court's opinion that it found counsel's statements regarding Wife's failure to cooperate and communicate with him credible. ***See*** Trial Court Opinion, 1/5/2016, at 11 ("[C]ounsel presented the court with sufficient testimony as to his reasons why he found it necessary to withdraw from the case, which included lack of communication with [Wife] and lack of sufficient time to prepare for trial due to [Wife's] actions."). ***See also Busse v. Busse***, 921 A.2d 1248, 1255 (Pa. Super. 2007) ("The fact-finder is in the best position to assess credibility of witnesses and we do not disturb credibility determinations on appeal."), *appeal denied*, 934 A.2d 1275 (Pa. 2007).

[11] In her Reply Brief, Wife insists the trial court
*(Footnote Continued Next Page)*

Although Wife filed a timely motion for reconsideration in which she provided an explanation for her failure to appear, the trial court found that Wife's hospitalization, which appeared to be self-imposed, did not constitute a "satisfactory excuse" for her absence.[12]   Indeed, in the motion, Wife asserted she had been "under a lot of stress" and contacted her physicians as early as October 13, 2015, the same day she learned her request for a continuance was denied.  Motion for Reconsideration, 10/23/2015, at ¶ 9. Moreover, she further stated she was admitted to the hospital on October 17, 2015, still two days before her scheduled *de novo* hearing.  ***See id.***

*(Footnote Continued)* _____

rubberstamped, sight unseen, the disputed and nullified master's report and recommendation in a multi-million dollar equitable distribution dispute – by default and without taking any admissible evidence to whatsoever support the "equitable distribution" it entered as a "final order" with the issuance of the Dismissal Order.

Wife's Reply Brief at 15-16.  However, we have no basis to doubt the trial court's statement that it did review the report before entering it as a final order.  ***See*** Trial Court Opinion, 1/5/2016, at 12.  Furthermore, to the extent Wife complains the court issued the final order without taking any evidence or reviewing "any admissible facts of record," we note the court properly proceeded under Rule 1920.55-3(d), as if no *de novo* request had been made.  ***See*** Wife's Reply Brief at 10 (emphasis omitted).  When no demand is made, the Rule mandates only that the court "shall review the report and recommendation" before entering a final decree.  Pa.R.C.P. 1920.55-3(d).

[12] It bears emphasis that Wife failed to attach supporting medical documentation to her motion.  Therefore, while we do not doubt Wife was hospitalized at the time of the hearing, she failed to verify her purported inability to make telephone calls, or to have someone make such calls on her behalf, to inform the court or counsel of her hospitalization.

Significantly, Wife did not provide any reason why she could not contact either counsel or the trial court before or during her hospital stay to inform them that she would be unavailable for the *de novo* hearing. ***See id.*** We cannot say under these circumstances, the court abused its discretion.

We also reject Wife's claims that the trial court should have either (1) granted a continuance when she failed to appear, or (2) conducted a *de novo* hearing in her absence. ***See*** Wife's Reply Brief at 14-15. First, the court was under no obligation to continue the matter when it had already **denied** a continuance request, and Wife failed to appear without any notice to the court or counsel. The court explained "the case had been in litigation for over eight years" and the *de novo* hearing date was originally scheduled "in order to accommodate [Wife's] prior counsel, Mr. [Thomas F.] Grady."[13] Trial Court Opinion, 1/5/2016, at 8, 9.

Furthermore, the language in Rule 218 does not require the trial court to proceed with a hearing when the moving party fails to appear or is otherwise not ready to proceed. Contrary to Wife's characterization, the master's report and recommendation did not become a "nullity" as soon as she requested a *de novo* hearing. ***See*** Wife's Reply Brief at 12. Rather, because Wife was the party who requested the *de novo* hearing, and then

_____

[13] Our review of the record reveals Wife has retained no fewer than five different attorneys during these proceedings.

she failed to appear, the court properly proceeded as if Wife had never made such a demand pursuant to Rule 1920.55-3(d). See Pa.R.C.P. 1920.55-3(d) ("If no demand for *de novo* hearing is filed … the court shall review the report and recommendation and, if approved, shall enter a final decree."). The trial court opined:

> Because [Wife's] exceptions[/request for a *de novo* hearing] were dismissed due to her failure to appear, … the court reviewed the report and recommendation, and, after review, made the report a final order. [Wife] failed to appear for the October 19, 2015 hearing, therefore the court was under no obligation to create a record or enter exhibits on her behalf in support of her equitable distribution exceptions.

Trial Court Opinion, 15/2016, at 12. Again, we find no reason to disagree.[14]

Moreover, to the extent Wife argues in her reply brief that the trial court erred in relying on Rule 218 to dismiss her request for a *de novo* hearing in a divorce matter,[15] we note Pa.R.C.P. 1920.1(b) states "if the

_____

[14] Wife cites **Pavie**, **supra**, to support her assertion that the trial court was required to conduct a *de novo* hearing in her absence. See Wife's Reply Brief at 12. We find such reliance misplaced. First, **Pavie** was decided in 1992, before the adoption of Rule 1920.55-3. **See** Pa.R.C.P. 1920.55-3 (Adopted Sept. 11, 1995, effective Jan. 1, 1996). Furthermore, in that case, after the wife filed exceptions to the master's report, the trial court actually conducted a *de novo* hearing, although "no witnesses were sworn, nor was any testimony taken." **Pavie**, **supra**, 606 A.2d at 1208. Rather, the court heard the arguments of counsel and subsequently affirmed the master's recommendation. **See id.** On appeal, a panel of this Court reversed the trial court's order and remanded for a proper *de novo* hearing "at which evidence is presented, witnesses heard, and the proceedings recorded." **Id.** at 1211. Conversely, in the present case, no *de novo* hearing was ever held.

[15] **See** Wife's Reply Brief at 19.

rules governing divorce do not provide a specific procedure then 'the procedure in the action shall be in accordance with the rules relating to a civil action.'" **Kropf v. Kropf**, 24 A.3d 405, 409 (Pa. 2011), *quoting* Pa.R.C.P. 1920.1(b). Accordingly, we conclude Wife is entitled to no relief on her first issue.

Next, Wife argues the trial court erred in permitting counsel to withdraw when she failed to appear for the *de novo* hearing. **See** Wife's Reply Brief at 22. The trial court defended its ruling as follows:

> Because the court found that [Wife's] absence was unexcused, the court proceeded to hear [her] counsel's motion to withdraw his appearance [in her absence. Wife's] counsel presented the court with sufficient testimony as to his reasons why he found it necessary to withdraw from the case, which included lack of communication with [Wife] and lack of sufficient time to prepare for trial due to [Wife's] actions. Furthermore, in [her] October 2, 2015 Answer to Mr. Musi's Motion to Withdraw, [Wife] requested that the court permit Mr. Musi to withdraw from the case, and in an October 8, 2015 letter to the court, Mr. Musi stated that [Wife] "agreed to our withdrawal from the case…" [Wife's] claim … that the court erred by granting her counsel permission to withdraw is, therefore, without merit, and contrary to [her] position on this issue prior to the October 19, 2015 hearing. The fact that [Wife's] counsel was permitted to withdraw from the case before the court entered "an adverse judgment" against [Wife] is of no merit. [Wife] did not oppose the withdrawal, and she voluntarily absented herself from the October 19, 2015 trial.

Trial Court Opinion, 1/5/2016, at 10-11.

Here, Wife contends that, contrary to the trial court's characterization, she did not simply agree to counsel's withdrawal in her answer to the petition. **See** Wife's Reply Brief at 23-24. Rather, she detailed how counsel failed to retrieve her files from her former attorney or otherwise prepare for

- 18 -

trial. **See** Answer to Petition to Withdraw as Counsel, 10/2/2015, at ¶ 3. Furthermore, Wife insists her agreement with counsel's request was conditional because she also requested 90 days to hire new counsel and sought a return of her retainer fee. **See id.** Moreover, Wife emphasizes that because the court issued a Rule to Show Cause order, scheduling a hearing on counsel's petition for November 2, 2015,[16] she "had no reason to understand that she would be unrepresented at the [October 19, 2015, *de novo*] hearing, irrespective of her availability to attend such hearing." Wife's Reply Brief at 23.

While we agree the trial court's order permitting counsel to withdraw was premature, Wife is entitled to no relief. Once the trial court issued the show cause order, and scheduled a hearing for November 2, 2015, it should have waited until that date to rule upon counsel's petition to withdraw. Nevertheless, even if the court had declined to consider counsel's motion at the October 19, 2015, *de novo* hearing, it would not have changed the fact that neither Wife nor counsel was prepared to proceed with the hearing. Therefore, the court's premature ruling on counsel's petition to withdraw is irrelevant to its dismissal of Wife's *de novo* request pursuant to Rule 218.

---

[16] **See** Rule to Show Cause, 9/29/2015.

Moreover, because Wife does not articulate a remedy for the court's error, we find she is entitled to no relief.[17]

Accordingly, we conclude the trial court did not abuse its discretion by: (1) dismissing Wife's request for a hearing *de novo*, after she failed to appear without any satisfactory excuse; (2) approving, after review, the master's report and recommendation; (3) entering the master's report as a final order of the court; and (4) entering a decree in divorce. Therefore, we affirm the decree on appeal.

Decree affirmed. Motion to Quash Appeal and for Sanctions denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:11/23/2016

---

[17] Indeed, in her answer to counsel's petition, Wife requested the trial court **grant** counsel's request to withdraw. *See* Answer to Petition to Withdraw as Counsel, 10/2/2015, at ¶ 3. Her dispute with counsel concerning their lack of preparation and her demand for the return of her retain fee properly lies with counsel, not this Court.