613 A.2d 544

**Anthony S. ZULLO, Appellant,**

v.

**Patricia K. ZULLO, Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1992.

Decided Sept. 16, 1992.

378

Christopher E. Miles, Washington, for appellant.

C.E. Kurowski, M.E. Kusturiss & Associates, Canonsburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

In this appeal, we must determine whether monthly payments to a former spouse in lieu of property distribution may be terminated when that spouse remarries. If we determine that the payments are alimony under Section 501 of the Divorce Code, 23 P.S. § 501,[1] then Section 501(e) mandates that alimony terminates upon remarriage. However, if the monthly payments are to be considered distribution of property in lieu of actual property being equitably divided, then the Superior Court acted correctly in reversing the trial court.

The factual background is not in dispute. The parties married in 1981. No children were born of this marriage. At the time of the marriage, the wife owned her own home,

1. This section has been recodified at 23 P.S. § 3701.

subject to a $30,000.00 mortgage. During the marriage, the parties accumulated joint liabilities in the amount of approximately $35,000.00. At the time of the parties' separation in the fall of 1984, the marital assets consisted of a $1,700.00 increase in the value of wife's real property, a master bedroom suite with a value of $2,000.00, a living room suite valued at $1,000.00, and individual pensions held by both parties. Shortly after the parties' separation, wife remortgaged her home to pay off the marital debt. Because the wife was the manager of a local bank, she had the loan payment of $794.00 automatically deducted from her wages.

At the conclusion of a master's hearing convened to dispose of the economic issues, the master recommended that the wife receive the increased value of her home, the living room suite, and her pension benefits. The husband received the master bedroom suite and his pension benefits. The master recommended that the parties be equally responsible for the marital debt, although wife was required to continue making the monthly mortgage payment of $794.00. With respect to alimony, the master recommended " . . . that the Husband pay to the Wife the sum of $300.00 per month alimony payments to assist her in extinguishing the marital debt for a period of forty-eight (48) months for a total amount due to the wife of $14,400.00." *See* Master's Report page 3. Finally, the master essentially denied the wife's request for counsel fees, costs and expenses.

Both parties filed exceptions to the Master's Report. The trial court adopted the master's recommendations and entered a final decree of divorce in April of 1987. On two occasions subsequent to the entry of the divorce decree, the husband sought a reduction of the monthly payments to his former wife based upon changed circumstances. On each occasion, the wife argued that any change in circumstances was irrelevant since the monthly payments were for a finite debt and not based upon her need for support in a traditional alimony context.

On September 30, 1988, wife remarried. In February of 1989, husband filed a petition to terminate his monthly pay-

ments based upon Section 501(e) of the Divorce Code. As indicated, the trial court granted the petition holding that Section 501(e) mandated the termination of alimony payments upon the remarriage of a divorced spouse. On appeal, the Superior Court reversed, concluding that although the monthly payments were designated as alimony, the payments were not intended to be alimony; therefore, this designation was not binding. 395 Pa.Super. 113, 576 A.2d 1070. Based upon our review of the record and our case law we must agree with the Superior Court and affirm.

Our standard of review in support matters is whether the trial court abused its discretion. *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975). This Court has defined an abuse of discretion as follows:

> Not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Kelly v. County of Allegheny,* 519 Pa. 213, 217, 546 A.2d 608, 610 (1988) citing *In re Women's Homeopathic Hospital of Philadelphia,* 393 Pa. 313, 316, 142 A.2d 292, 294 (1958). The issue for our review, then, is whether the trial court erred in determining that, as a matter of law, the monthly payments received by the wife were alimony payments and thus controlled by Section 501(e) of the Divorce Code.

The primary purpose of alimony is to provide one spouse with sufficient income to obtain the necessities of life. *Hodge v. Hodge,* 513 Pa. 264, 520 A.2d 15 (1986). It is not intended as a weapon to punish a spouse but rather is an attempt to provide financial assistance to rehabilitate rather than reimbursing a spouse. *Id.*

Because of the historical and traditional concept of alimony and the reality that at times insufficient property exists to adequately compensate one spouse for that spouse's contribution to a failed marriage, in *Bold v. Bold,* 524 Pa. 487, 574 A.2d 552 (1992), we adopted the concept of "equitable reimbursement."

In *Bold,* the question we were confronted with was the extent to which one spouse may recoup the value of support paid on behalf of the other spouse while the nonpaying spouse was attending school. Mrs. Bold had supported Dr. Bold for five years while he was seeking his chiropractic degree. After receiving that degree, Dr. Bold went on to open his own practice. Shortly after Dr. Bold opened his own practice, Mrs. Bold moved from the marital residence at the request of Dr. Bold. Mrs. Bold then initiated a divorce action in which she sought a divorce, equitable distribution of marital property, counsel fees, cost and expenses.

Because there existed insufficient joint property to adequately compensate Mrs. Bold for her contribution to Dr. Bold's education, the trial court awarded her equitable reimbursement in the amount of $33,000.00 payable in equal monthly installments of $550.00 a month for sixty months. We affirmed this award holding that the supporting spouse was entitled to equitable reimbursement to the extent that her contribution to the education, training or increased earning capacity of her husband exceeded the bare minimum support she was legally obligated to provide. As a footnote, we stated that:

Were this case to arise under Section 501 as amended in 1988, it would have the same outcome. Whether the award is called equitable reimbursement or reimbursement alimony, the considerations determining the existence, the amount and the duration of the award are the same. Ultimately, the only criterion for fashioning the award under either analysis is fairness. Prior to the 1988 amendment in Section 501, courts were left to their own devices to fashion some definition of fairness. After the 1988 amendment, it is clear that the General Assembly's view of fairness in these circumstances implicates considerations that are similar to our own.

*Bold v. Bold,* 524 Pa. at 497, 574 A.2d at 557.

Thus, prior to the 1988 amendment, we acknowledged that trial courts were left to use legal gymnastics to achieve a fair

and just result when insufficient property existed to compensate a spouse economically taken advantage of.

■ It is clear from reviewing the Master's Report that the wife was not receiving alimony in the traditional sense, but rather as a way to compensate her for the lack of property needed to satisfy joint obligations. The master makes it clear that the monthly payments were being recommended for the purpose of making both parties contribute to the payment of the marital debt. Likewise, the master made a specific finding that both parties were able to support themselves through appropriate employment and each had an equal earning capacity. Under these facts, we must conclude that the master was not recommending alimony but rather equitable reimbursement for the joint obligations paid by the wife.

Rather than relying upon *Bold*, the husband cites to *Coretsky v. Board of Commissioners of Butler Twp.*, 520 Pa. 513, 555 A.2d 72 (1989), which holds that if a statute is clear, then it must be followed without undertaking a review of the legislative intent in enacting such a statute. Husband then argues that since Section 501(e) of the Divorce Code makes it clear that upon remarriage alimony terminates, Section 501(e) mandates that wife's alimony payments terminate as of the date of her remarriage. We cannot fault the husband with his statutory analysis. However, his reliance upon this section is misplaced since his wife was not receiving alimony.

Because the trial court erred in determining that wife was receiving alimony, the continued receipt of which was controlled by Section 501(e) of the Divorce Code, we must conclude that the trial court abused its discretion in granting the husband's petition to terminate the wife's monthly payments and affirm the Superior Court.[2]

McDERMOTT, J., did not participate in the decision of this case.

FLAHERTY, J., joins this opinion and files a concurring opinion in which NIX, C.J., and PAPADAKOS, J., join.

---

2. We also agree with the Superior Court's order of remand for a determination of the wage attachment issue. See *Laughlin v. Laughlin,* 525 Pa. 141, 578 A.2d 922 (1990).

 

FLAHERTY, Justice, concurring.

I join the majority in this fact specific case.

The parties were ordered at equitable distribution to share equally a $35,000 debt that had accrued jointly during their marriage. Wife paid the debt in full in order to preserve her credit and her job, and husband was ordered to pay his one half share of the debt over time by making monthly payments of $300 per month for forty-eight months. The trial court unfortunately labeled this monthly obligation "alimony." Husband took exceptions, which were denied. Husband took no appeal from the denial of exceptions. When wife remarried two years after equitable distribution, husband sought to terminate his monthly payment on the joint debt, relying on Section 501(e) of the Divorce Code, which mandates that alimony shall terminate upon remarriage.

Section 501(b) of the Divorce Code, which contains factors for a court to consider in awarding alimony, has as its general purpose the effecting of justice. This is consistent also with Section 3102(a)(6) of the code, which states that the policy of Pennsylvania is to:

> *Effectuate economic justice between the parties* who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and *insure a fair and just determination and settlement of property rights.*

(Emphasis added.) It is also consistent with this court's opinion in *Bold v. Bold,* 524 Pa. 487, 574 A.2d 552 (1990), where we approved the award of "equitable reimbursement" of a wife who had helped to put her husband through medical school, and where we observed that:

> *Whether the award is called equitable reimbursement or reimbursement alimony,* the considerations determining the existence, the amount and the duration of the award are the same. *Ultimately, the only criterion for fashioning the award under either analysis is fairness.*

524 Pa. at 497 n. 7, 574 A.2d 552. (Emphasis added.)

If the husband in this case believed that the "alimony" award is unfair, his remedy was to take an appeal. This he

declined to do. He now seeks to litigate through the back door the appropriateness of sharing the marital debt. If we were to allow the husband to evade payment of his share of the marital debt by reliance on the trial court's misplaced use of the term "alimony" to describe what he had to pay, when it is plain from *this record* that the husband's monthly payments are reimbursement of debt, not payments to effect rehabilitation, our decision would be unfair and we would have abandoned our duty to effect economic justice between the parties and insure a fair and just determination of property rights.[1]

NIX, C.J., and PAPADAKOS, J., join this concurring opinion.

1. This result is also consistent with Section 401(c) of the Divorce Code, which provides:
    In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.
    To terminate husband's monthly installment payments on debt repayment on the grounds that the payments were mistakenly called "alimony," which must terminate on remarriage, would be to elevate form over substance and to ignore our obligations to effect equity and justice.