629 A.2d 1017

Mollie T. PETERSON, Appellee,

v.

Theodie L. PETERSON, Appellant.

Superior Court of Pennsylvania.

Argued March 10, 1993.

Filed Aug. 16, 1993.

Judith A. Calkin, Harrisburg, for appellant.

Michael L. Rozman, Harrisburg, for appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

We are asked to review the order of the Court of Common Pleas of Dauphin County directing the payment of alimony to the plaintiff/appellee, Mollie T. Peterson, by the defendant/appellant, Theodie L. Peterson. We affirm.

This case was appealed initially to this Court, which affirmed the order equitably distributing the marital assets, but reversed and remanded that portion of the order awarding alimony because "the trial court improperly included child support in determining ... the duration of the alimony award." *Peterson v. Peterson,* (J. A48015/92, No. 00274 Harrisburg, 1991, filed January 31, 1992).

On remand, a hearing was conducted wherein the parties stipulated that the court could consider the previously recorded testimony before the Master Adler. Additional testimony was elicited as well from the plaintiff and the defendant to update their employment status: Defendant was still employed as an associate professor of law at Widner College earning $60,000 to $65,000 per year, whereas the plaintiff had secured new employment with the Social Administration earning the same salary as before, i.e., $21,000.

Further, each party discussed their liabilities and assets: Plaintiff stated that she was "3 to 400" dollars short each month in meeting her needs given her financial picture, N.T. 6. The defendant testified that he had "incurred substantial credit card obligation"—$14,000 to $15,000—in support of himself and paying alimony since his separation.[1] N.T. 24.

The trial court, after reviewing the entire record, considered a number of factors in deciding the duration and quantity of alimony, e.g., the relative earnings and earning capacities of the parties, educational levels of the parties, employment history, the ages and health of the litigants, the distribution of property, financial obligations and expenses of the primary custodian of the two children, the plaintiff.

1. The defendant owns a 1983 Mercedes and 1985 Cadillac, whereas the plaintiff drives a 1985 Dodge Caravan.

In light of the aforementioned factors, the trial court engaged in a weighing process leading to an award of alimony to the plaintiff amounting to $50 per week for a period of ten years. This appeal followed and challenges the entry of the alimony on grounds that the plaintiff was gainfully employed and received a "substantial" distribution of property.[2]

Before addressing the merits of the appellant's complaints, we need to decide whether the claims are preserved for appellate review.

Pursuant to Pa.R.Civ.P. 1920.52(a), with regard to claims involving alimony, the practice and procedure following the trial court's entry of a decision "shall be in accordance with Rules of Civil Procedure 227.1 to 227.4 inclusive." In particular, Rule 227.1(b)(1) & (2) requires that the grounds for post-trial relief must have been raised at trial and may not be proffered for the first time in post-trial motions. *No post-trial motions were filed at bar by the appellant*, and the Rules of Civil Procedure create no exceptions to the mandate of filing such a motion to preserve any issue(s) for appellate review. *Id.*

We have found no case law, nor has counsel for the appellant cited any to us, which excepts the appellant from filing post-trial motions on a remand from Superior Court presided over by a jurist. In the absence of any such authority, we find the issues raised by the appellant to be waived. *Colagioia v. Colagioia*, 362 Pa.Super. 213, 523 A.2d 1158 (1987).

Order affirmed.

CIRILLO, J., files a concurring opinion.

CIRILLO, Judge, concurring:

I agree with the majority that the trial court's order directing alimony payment to appellee (Wife) must be affirmed, as the issues raised by appellant (Husband) have been waived. I write separately, however, to address the need for a more

---

2. The Plaintiff received 55% of the marital property while the defendant was the recipient of 45% of the marital estate.

clearly defined formulation of the propriety and duration of "alimony" as it exists under the Divorce Code today. Let this be a call to the legislature to refine these definitions, for the application of such vague guidelines and goals as they now exist leads to an unacceptable disparity in the distribution of alimony awards. As a result, there is little consistency in the interpretation and application of the law pertaining to alimony.

The alimony award in the instant case amounts to fifty dollars per week for a period of ten years. Procedural irregularities aside, what would restrict a judge from awarding the same amount for a span of twenty years? Thirty years? Life? Under prior Pennsylvania divorce law, subsection 501(c) of the 1980 Divorce Code distinctly set forth the legislative intention that alimony be awarded only for a limited time period sufficient to allow the dependent spouse to develop an employable skill or obtain employment. 23 Pa.C.S. § 501(c). In other words, alimony was to be awarded strictly for rehabilitative purposes.

In 1988, however, the legislature eliminated from the Divorce Code the requirement that alimony be solely rehabilitative in nature. A court may now order alimony, "as it deems reasonable, to either party only if it finds that alimony is necessary." 23 Pa.C.S.A. § 3701(a). "Necessity is the only requirement in determining the propriety of an alimony award and that necessity is judged by numerous considerations only some of which have to do with the rehabilitation of the recipient spouse." *Zullo v. Zullo*, 395 Pa.Super. 113, 122 n. 3, 576 A.2d 1070, 1074 n. 3 (1990), *aff'd*, 531 Pa. 377, 613 A.2d 544 (1992). Significantly, the guideline for determining the duration of an alimony award now reads, "[t]he court in ordering alimony shall determine the duration of the order, which may be for a definite or indefinite period of time which is reasonable under the circumstances." 23 Pa.C.S.A. § 3701(c). This definition clearly "eliminat[es] any legislative mandate to link the term of alimony to such time as the recipient becomes gainfully employed." *Zullo*, 395 Pa.Super. at 122 n. 3, 576 A.2d at 1074 n. 3.

In determining whether alimony is necessary, and in deciding the nature, amount, duration and manner of payment of alimony, section 3701(b) of the Divorce Code provides courts with a list of relevant factors to consider in formulating an alimony award.[1] The rehabilitative aspect of the former Code has become just one factor to consider in determining alimony. What, then, are the goals of the alimony provisions after the 1988 amendments? While it appears that Pennsylvania is now moving toward a "permanent alimony" state, it is possible to interpret the amended alimony provisions as embodying conflicting policies. For instance, the legislature, in defining "duration" of alimony to include a "definite *or* indefinite period of time" has allowed for an extremely wide range of possibilities, even considering the section 3701(b) factors that must be taken into account. The inevitable result is a lack of uniformity among alimony awards. In determining the duration of an alimony award it is possible, for example, for one judge to afford substantial weight to the factor involving the time necessary to acquire sufficient education or training to obtain employment (*i.e.* time necessary to rehabilitate), while a different judge might focus on the standard of living of the parties during marriage and award alimony for an indefinite period of time. Thus, while the statute in question is no longer *solely*

1. The court shall address the following factors: (1) relative earning capacities of the parties, (2) ages, physical, mental and emotional conditions of the parties, (3) sources of income of both parties, (4) expectancies and inheritances of the parties, (5) duration of the marriage, (6) contribution by one party to the education, training or increased earning power of the other party, (7) extent to which earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child, (8) standard of living of the parties established during marriage, (9) relative education of parties and time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment, (10) relative assets and liabilities of the parties, (11) property brought into the marriage by either party, (12) contribution of a spouse as homemaker, (13) relative needs of parties, (14) marital misconduct of either party during marriage, (15) tax ramifications (federal, state and local) of the alimony award, (16) whether the party seeking alimony lacks sufficient property to provide for party's reasonable needs, and (17) whether the party seeking alimony is capable of self support through appropriate employment.
23 Pa.C.S.A. § 3701(b).

for purposes of rehabilitation, one could still utilize it to obtain such a result. It could also be interpreted to provide permanent alimony to equalize the income of parties whose earning capacities differ substantially.[2]

In short, the list of factors to be considered by a judge in awarding alimony offers limited guidance for deciding when alimony is appropriate and for how long. As Pennsylvania divorce law stands now, the decision to award alimony is determined by a particular judge's notion of what is necessary and fair; there exists a danger that each judge is unrestrained in his or her discretion. The legislature has set forth, in general terms, that it is the policy of the Divorce Code to "[e]ffectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights." 23 Pa.C.S.A. § 3102(a)(6). While this is clearly the overriding goal of the Code, it is still sufficiently vague for purposes of alimony, especially when weighed with the enumerated factors in section 3701(b). It would be in the Commonwealth's best interest to return to a specific expression of intent regarding alimony. When rehabilitation was the clear goal, judges were guided by the idea that alimony was awarded according to what it would take for the dependent spouse to become economically self-sufficient. The prior divorce law clearly promoted economic independence. As a result, alimony awards from county to county across the Commonwealth were structured with this goal in mind. Arguably, this better served the overriding policy of effectuating "economic justice." 23 Pa.C.S.A. § 3102(a)(6).

**2.** In formulating the policy behind alimony in Pennsylvania, the legislature must make clear its intentions regarding rehabilitative and permanent alimony. For example, rehabilitative alimony can be a useful tool in promoting economic independence and personal self-reliance. On the other hand, it can be a heavy burden on spouses who have chosen to assume the more traditional role of homemaker, thus making permanent alimony a more attractive alternative. *See* David H. Relsey & Patrick P. Fry, *The Relationship Between Permanent and Rehabilitative Alimony,* 4 J.Am.Acad.Matrim.Law 1 (1988).

578

Pennsylvania needs a definitive statement regarding alimony. The legislature, by leaving "duration" and "need" virtually open-ended in the context of alimony, has provided little in terms of guidelines and goals, both of which are needed if our courts are to promote economic justice between parties. 23 Pa.C.S.A. § 3102(a)(6).