Cynthia SIMMONS, Appellee,

v.

Thomas SIMMONS, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 8, 1998.

Filed Dec. 31, 1998.

---

Kenneth M. Steinberg, Pittsburgh, for appellant.

Mary K. McDonald, Pittsburgh, for appellee.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

Thomas Simmons ("husband") appeals the September 17, 1997, order of Judge Cynthia A. Baldwin concerning husband's alimony and child support obligations to Cynthia Simmons ("wife") and Amanda and Andrew Simmons. For the reasons set forth below, we affirm the lower court's decision.

Husband and wife married on March 5, 1982; separated on June 1, 1992; and divorced on May 14, 1996. Their union produced two children—Amanda, born on October 31, 1982, and Andrew, born on February 6, 1986. On October 27, 1995, the trial court entered an order requiring husband to pay alimony payments of $990 per month to wife until February 1997 and $1,000 per month for child support, both retroactive to April 21, 1994. On September 6, 1996, wife filed a petition for discovery and modification of both the alimony and child support payments. Hearing Officer Bingman held hearings on the petition on January 13, 1997, and issued recommendations on March 17, 1997. The lower court entered a final order sustaining wife's exceptions, and sustaining in part and dismissing in part husband's exceptions on September 17, 1997.

█ Husband now appeals the order and presents two questions for this Court's review:

1. Did the trial court abuse its discretion in finding that Appellant's failure to report a change in his income was a violation of 23 Pa.C.S.A. Section 4353 which would necessarily result in increased alimony payments to Appellee?

2. Did the trial court abuse its discretion in awarding an increase in both child support and alimony retroactive to a period longer than the date of the filing of the petition for Modification?

Appellant's brief at 3. We find that the lower court did not abuse its discretion in considering either issue, thus the order is affirmed.

█ Proper consideration of husband's appeal requires that we address the questions and issues presented in light of the proper standard of review of alimony and child support decisions. In reviewing orders granting, denying or modifying support, this Court is limited to considering whether, based on clear and convincing evidence, the trial court abused its discretion. *See Zullo v. Zullo*, 531 Pa. 377, 613 A.2d 544 (Pa.1992); *Crawford v. Crawford*, 429 Pa.Super. 540, 633 A.2d 155 (Pa.Super.1993); *McAuliffe v. McAuliffe*, 418 Pa.Super. 39, 613 A.2d 20 (Pa.Super.1992). An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality.

*See Crawford,* 633 A.2d at 156; *see also Spitzer v. Tucker,* 404 Pa.Super. 539, 591 A.2d 723, 724 (Pa.Super.1991), *appeal denied,* 530 Pa. 645, 607 A.2d 255 (Pa.1992).

Since abuse of discretion allegations call for a review of the record, it is important to remember that this Court "is not free to usurp the trial court's duty as the finder of fact." *Nemoto v. Nemoto,* 423 Pa.Super. 269, 620 A.2d 1216, 1219 (Pa.Super.1993) (*citing Edelstein v. Edelstein,* 399 Pa.Super. 536, 582 A.2d 1074, 1076 (Pa.Super.1990)). As this Court stated on prior occasions, "[a]ppellate courts are becoming more reluctant to substitute themselves as super-support courts when they have not had the opportunity to see and hear the witnesses and so determine credibility." *Weiser v. Weiser,* 238 Pa.Super. 488, 362 A.2d 287, 288 (Pa.Super.1976).

Our review of the record in light of the heightened standard of review applicable in alimony and child support cases leads us to find no abuse of discretion by the court below. The court below did not believe husband's argument that he was not duty bound to report the increase in his income in May 1994, as it did not constitute a material change in circumstances. Husband has failed to demonstrate by clear and convincing evidence that the lower court's determination based on testimony presented and case law constitutes an abuse of discretion.

■■■ Additionally, husband argues that the court below abused its discretion in allowing for retroactivity prior to the filing date of the modification petition. Again, a review of the record and appellant's brief fails to present clear and convincing evidence that the lower court abused its discretion by misapplying the law. Orders modifying *all* types of support agreements can be retroactive to dates prior to the filing of the petition where filing was delayed due to a misrepresentation by another party, so long as the petition is filed in a timely fashion upon discovery. *See Albert v. Albert,* 707 A.2d 234 (Pa.Super.1998). This rule applies in both alimony adjustments and child support adjustments. *See id.* at 236 (applying retroactivity in adjustments to support payments for wife and then minor child without distinc-

tion). Appellant argues that the facts presented before the court below clearly show that husband did not make such a misrepresentation in this case. It is not this Court's role to act as fact-finder in support cases, absent clear and convincing evidence of an abuse of discretion. The evidence presented does not approach the clear and convincing standard needed to prove abuse of discretion.

Since husband failed to show by clear and convincing evidence that the court below abused its discretion when ordering the modification of the alimony and support orders, we affirm the decision of the court below.

Order affirmed.

Concurring Opinion by SCHILLER, J.

SCHILLER, J., concurring.

I concur in the result reached by the majority. However, I write separately to express my disagreement with the majority's conclusion that an appellant must demonstrate abuse of discretion by "clear and convincing evidence" in support cases. In my view, this conclusion purports to create a more stringent standard of review than we have historically applied in support cases and, further, confuses the litigant's burden of proof at the trial phase of the proceedings with the appellate court's standard of review of the trial court's adjudication.

Historically, our standard of review in support and alimony cases has been to determine whether

> the trial court has, in deciding the case, abused its discretion; that is, committed not merely an error of judgment, but has overridden or misapplied the law, or has exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias or ill will as demonstrated by the evidence of record.

*Wagoner v. Wagoner,* 538 Pa. 265, 648 A.2d 299 (1994) *citing Zullo v. Zullo,* 531 Pa. 377, 613 A.2d 544 (1992). While it is true that some decisions of this Court have added the phrase, "as shown by clear and convincing evidence" in conjunction with the abuse of discretion standard, *see, e.g., Crawford v. Crawford,* 429 Pa.Super. 540, 633 A.2d 155

(Pa.Super.1993); *Kelly v. Kelly*, 430 Pa.Super. 31, 633 A.2d 218 (Pa.Super.1993); *Nemoto v. Nemoto*, 423 Pa.Super. 269, 620 A.2d 1216 (Pa.Super.1993), it is clear from these decisions that the Court did not place an added burden of proof on the appellant before reviewing the record independently to determine whether an abuse of discretion occurred. As Judge Spaeth stated cogently in his concurring and dissenting opinion in *Weiser v. Weiser*, 238 Pa.Super. 488, 362 A.2d 287 (Pa.Super.1976)(en banc):

> I recognize the limited scope of appellate review in support proceedings. We have often repeated the proposition that, '[i]n a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on the merits.' An appellate court arrives at its decision on the basis of the printed record before it. Consequently, absent a clear abuse of discretion, we will defer to the order of the lower court.... I submit, however, that in the exercise of our review powers, we must do more than accept as given the analysis and conclusions of the lower court. Although we cannot nullify the fact-finding function of the hearing judge, '[W]e do, however, have the power to require such procedures as will ensure that the record including the opinion filed by the hearing judge in support of the ... order is complete.' We are also charged with the responsibility of seeing that the relevant legal principles are correctly applied. Without careful scrutiny of the record to ascertain whether the evidence supports the reasoning of the lower court, this court cannot meet its responsibility of determining whether there has been an abuse of discretion, that is, whether an order 'misapplies the law' or reaches a 'manifestly unreasonable, biased, or prejudiced result.'

*Id.* at 292–292 (citations omitted). We cannot fulfill our responsibility to ensure that no abuse of discretion has occurred if we adopt the "heightened" standard of review espoused by the majority.

I also point out that the use of the phrase "clear and convincing" is typically associated with a burden of proof at the trial stage of the proceeding.[1] I believe that it is improper to characterize appellant's burden on appeal as demonstrating, by clear and convincing evidence, that the trial court abused its discretion. Rather, it is the duty of the appellate court, based on the record created below, to determine whether such an abuse of discretion occurred. I note that the use of the phrase "clear and convincing evidence" in connection with abuse of discretion appears to stem from *Comm. ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (Pa.Super.1974)(*en banc*). The Court stated in *Halderman*, "A finding of an abuse of discretion is not lightly made and is determined only upon a showing of clear and convincing evidence that would require reversal of the lower court." *Id.* at 910. However, the cases cited in support of this proposition address the plaintiff's burden at trial to show her entitlement to support and do not address the standard of review on appeal from that trial. Indeed, the *Halderman* court conducted an independent review of the record and sustained the wife's claim that she had demonstrated her entitlement to support, without requiring her to show, by clear and convincing evidence, that the trial court had abused its discretion.

I further note that the Supreme Court has eradicated the distinction between "gross abuse of discretion" and "abuse of discretion", specifically stating that the term "gross" is "mere surplusage" and that there is no separate and distinct gross abuse of discretion standard of review. *Moore v. Moore*, 535 Pa. 18, 28, n. 4, 634 A.2d 163, 168, n. 4 (1993); *see also Wiseman v. Wall*, 718 A.2d 844 (Pa.Super.1998)(*en banc*).

For all of these reasons, I do not adhere to the majority's view that we have adopted or should adopt a "heightened" standard of re-

---

1. Black's Law Dictionary, 5th Edition, defines "clear and convincing proof" as "Proof which should leave no reasonable doubt in the mind of the trier of facts concerning the truth of the matters in issue."

view on appeal in support matters. I would analyze the questions presented in this case under the traditional "abuse of discretion" standard. I agree that, under this standard, the Order of the Court of Common Pleas of Erie County dated September 17, 1997 must be affirmed.