J-A25033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LESLIE M. CERF | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HENRY S. MCNEIL, JR. | |
| Appellee | No. 348 EDA 2015 |

Appeal from the Order Entered December 30, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 00-01231
PACSES NO: 765104114

BEFORE:  PANELLA, J., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 21, 2015**

Appellant, Leslie M. Cerf ("Mother"), appeals from the December 30, 2014 order entered by the Honorable Robert J. Matthews, in the Court of Common Pleas of Philadelphia County. We affirm.

We assume the parties' familiarity with the facts and procedural history of this case. For a recitation of the facts and procedural history of this matter, we direct the reader to the opinion of the trial court. **See** Trial Court Opinion, 3/24/15, at 1-4.

Preliminarily, we must determine whether this appeal is properly before this Court. Appellee, Henry S. McNeil, Jr. ("Father"), contends that the December 30, 2014 order from which Mother appealed did not dispose of all claims. Father argues that the order was not a final order. **See** Appellee's Brief, at 15. Mother disagrees, explaining that the January 22, 2015

administrative order did not make any changes to the original support order. *See* Appellant's Reply Brief, at 4.

"The appealability of an order directly implicates the jurisdiction of the court asked to review the order. This Court has the power to inquire at any time, sua sponte, whether an order is appealable." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa. Super. 2010) (internal citations and italics omitted). In Pennsylvania, an order is appealable if it is a final order, *see* Pa.R.A.P. 341, an interlocutory order that may be appealed as of right, *see* Pa.R.A.P. 311, an interlocutory order that may be appealed by permission, *see* Pa.R.A.P. 312, or a collateral order, *see* Pa.R.A.P. 313.

"A final order is any order that: (1) disposes of all claims and of all parties; or (2) is expressed defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(b). We disagree with Father that the trial court's order permitting Mother to request a hearing on her exception regarding counsel fees rendered the December 30 order not final. In the December 30 order, the trial court closed the matter, but stated that it would reopen the record upon request. *See* Order, 12/30/14, at 2. Mother did not request that the trial court reopen the matter and instead instituted this appeal, effectively foreclosing the trial court's review of her exception pertaining to the award of counsel fees. We agree, however, that because claims remained open pending the resolution of the administrative remand, the order was not final for appeal purposes.

We nonetheless conclude that the appeal is properly before us as an interlocutory order that is appealable as of right. Rule 311(f) states, in pertinent part, that although interlocutory, an order requiring an "administrative remand" from the trial court to a hearing officer "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion" is appealable as of right. Pa.R.A.P. 311(f)(10. The administrative remand required by the December 30 order did not involve any exercise of discretion by the master on remand. The master's sole instruction was to compare the figures agreed upon by both parties to the child support statute to ensure "the final figures are consistent with the current support guidelines." Order, 12/30/14, at 1. As the administrative remand involved no exercise of discretion by the master, we conclude that the order is properly before us on appeal as an interlocutory order that was appealable as of right. We proceed to the merits.

With our standard of review in mind, *see*, *e.g.*, *Berry v. Berry*, 898 A.2d 1100, 1103, 1104 (Pa. Super. 2006), we have reviewed the briefs of the parties, the certified record, and the trial court opinion. The trial court, the Honorable Robert J. Matthews, has authored an opinion that ably disposes of the issues presented on appeal. We affirm based on that opinion. *See* Trial Court Opinion, 3/24/15, at at 5-10.

Order affirmed.

Judge Mundy joins the memorandum.

- 3 -

Judge Donohue files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA
FAMILY COURT DIVISION
DOMESTIC RELATIONS BRANCH

**RECEIVED**

MAR 2 4 2015

**CLERK OF COURT**

| | | |
|---|---|---|
| LESLIE MCNEIL CERF, | : | IN THE SUPERIOR COURT OF |
| PETITIONER | : | PENNSYLVANIA |
| | : | |
| VS. | : | (C.P. PHILADELPHIA COUNTY |
| | : | No. 00-01231/PACSES765104114 |
| HENRY SLACK MCNEIL, JR., | : | |
| RESPONDENT | : | No. 348 EDA 2015 |

I hereby certify that the foregoing
is a true copy of the original as same
appears in the records of this Court thi
date  ___3·30·15___

by: _____
Clerk of Court

**OPINION**

FRED KELLER
CLERK OF FAMILY COURT

### I.  Procedural History

Petitioner (Mother) filed to modify a running support order on March 21, 2013. A

July 8, 2013 Master's hearing was continued pending complex discovery. A record

hearing was held on May 12, 2014. Post-hearing Briefs were filed, by agreement of

counsel, on, or before July 30, 2014. The Master issued a report on August 26, 2014.

Exceptions were timely filed on September 15, 2014, and oral arguments were held on

November 24, 2014. [1]

### II.  Facts

On March 21, 2013 Petitioner sought an increase in support from a 2009 support

order based on the "Melzer" formula. (*Master's Report* at 2). The Melzer formula for

calculating support is no longer utilized in Pennsylvania. *Id.* at 4. The parties have a

combined monthly income above $30,000. The Master calculated the support based on

the guidelines, pursuant to Rule 1910.16-3.1. *Id.* The parties have a 50/50 shared physical

---

[1] The delay in oral arguments was due to scheduling difficulties arising from the physical move of the
entire Philadelphia Family Court from two separate locations to the new central location at 1501
Arch Street. The record and the transcript of the Master's Hearing was not available to this court until
after oral arguments. Counsel supplied the Judge with a copy of the Exceptions.

1



custody arrangement. The shared custody calculation was used for calculating the support guidelines. *Id.* at 2.

There were two primary issues before the Master. The first issue dealt with a windfall capital gain from the sale of valuable personalty by the Respondent (Father) in 2011. The gain was Respondent's personal gain. After considering the totality of the circumstances and all relevant facts presented, the Master found in Petitioner's favor relying on Krebs v. Krebs, 944 A.2d 768 (Pa. Super. 2008). *Id.* at 5-6. No Exceptions were filed. Exceptions Hr'g, 16:5-16, 11/24/2014. The second issue was whether the principal distributions from two trusts[2] received by Respondent, should be considered income for the calculation of child support. (*Master's Report* at 5). On this issue the Master relied on Humphreys v. DeRoss, 567 Pa. 614; 790 A.2d 281 (2002), and included the interest income from the trust distribution in the support calculation, but not the principal. (*Master's Report* at 6). Exceptions were timely filed by Petitioner on the latter issue.

## A. Evidence Presented at Master's Hearing

Petitioner, prior to the filing of any petition, inquired about Respondent's income and tax returns by email and letter correspondence. (Ex. P-3, pgs. 4, 6, 13, 19, 20). Respondent replied to Petitioner's queries. On January 25, 2012 Respondent's attorney stated that the 2011 income total would not be available until K-1s from the trusts were received. (Ex. P-3, pg. 8). Respondent replied, "sale and direct re-investment in other holdings" (Ex. P-3, pg. 10). On June 14, 2012, draft K-1s were sent to Petitioner's attorney, and said attorney was informed that final K-1s would not be available until the

---

[2] Throughout the records of testimony, from both the Master's hearing and the hearing on Exceptions, the words trust and trusts are used interchangeably. These words have the same meaning whether singular or plural, and reference the trusts titled "Henry S. McNeil 1959 Trust" and Henry S. McNeil Resulting Subdivided Trust".

2

middle of September, and that Respondent's 2012 income would be similar to 2011 income. (Ex. P-3, pg. 16). On March 19, 2013 a copy of Respondent's 2011 tax returns was sent to Petitioner. (Ex. P-3, pg. 22).

Mother filed her Petition to Modify Support, and sought additional information related to Respondent's income. Petitioner sent Respondent a Notice to Attend and Produce Documents, including documents from any trusts from which Respondent received distributions. (Ex. P-6, P-7). Respondent asserted that he was unable to produce the documents related to the trust because he was no longer a trustee. Master's Hr'g, 111:15-19, 05/12/2014. Petitioner Motioned for Allowance of Discovery; the parties agreed to an Order authorizing discovery. (Ex. P-8, P-9). Petitioner requested production of documents dated October 25, 2013, and Respondent replied on November 25, 2013. (Ex. P-10, P-11). Petitioner filed a Motion to Compel Answers and to Request for Production of Documents on December 20, 2013; asserting that Respondent's response to the previous request was deficient. (Ex. P-12). Respondent filed an Answer to the Motion on February 4, 2014. (Ex. P-13). On February 27, 2014, Petitioner subpoenaed Brett W. Senior, Esquire, a trustee and financial advisor to Respondent. The subpoena ordered Mr. Senior to attend and testify and to bring enumerated documents to a Master's hearing scheduled March 6, 2014. (Ex. P-14). A review of the record shows Mr. Senior obtained counsel who filed a Motion for Protective Order asserting confidentiality issues. The Master's hearing was continued, by agreement of parties, until May 12, 2014. Trust documents were given to Petitioner in early May after a Confidentiality Agreement was signed. Master's Hr'g, 116:12-14; 119:1-2, 05/12/2014. Respondent stipulated to everything in the documents sent to Petitioner. Master's Hr'g, at 118:21-22.

3

Following discovery a one-day Master's hearing was held on May 12, 2014. At that hearing the Respondent was questioned about the trust distributions. Respondent testified that in 2011 he received $2,000,000 (two-million dollars) from a trust, more specifically, $500,000 (five hundred thousand dollars) was interest and $1,500,000 (one-million, five hundred thousand dollars) was trust distributions. Master's Hr'g, 94:19-20. Respondent testified that he believed this was evidenced by his 2011 and 2012 tax returns, Exhibits D-1, D-2 respectively. Master's Hr'g, 95:14-18.

At the close of the Master's hearing both parties agreed that the record may be supplemented by documents from the trust regarding how much was/is given to the Respondent from the trust. Master's Hr'g, 247:10-22. Following the hearing, the Master received post-hearing briefs from both parties filed by July 30, 2014. In addition, the record was supplemented by Exhibits P-16, P-17, P-18, D-3, and D-4.

### III.    Petitioner's Exceptions as Filed

1. The Master erred by failing to include in Father's income the full amounts of his distributions from two trusts, which amounts were at least $2,500,000 in 2011, $2,000,000 in 2012, and $2,000,000 in 2013. (Movant's supporting averments omitted).
2. The Master erred in finding that Father's only income from the trusts for child support purposes was $500,000 in "interest income" when Father's 2011 tax return shows that Father had $710,046 in interest income (most of which was tax exempt), dividend income and trustee fees and Father's 2012 tax return showed that Father had $657,889 in interest income (most of which was tax exempt), dividend income and trust fees.
3. The Master erred by including a reduction for equally shared custody for a period before Father was given shared physical custody by agreement in March 2013.
4. The Master erred by omitting Exhibit P-18 from the list of Mother's exhibits.
5. The Master erred by directing that the arrears should be paid at a rate of $1000 per month when the arrears should be paid in a lump sum or at least be paid at a much faster rate.
6. The Master erred by not directing the Father pay towards Mother's legal fees.

4

## IV.    Analysis

The Parties resolved exception numbers 2, 3, 4, and 5 through an Agreed Order dated December 4, 2014. In that Order the parties agreed that, "Father's 2011 income shall include the $710,046 in interest income, dividend income, and trustee fees[3] reported on Father's 2011 federal income tax return, and Father's 2012 income shall include $657,889[4] in interest income, dividend income, and trustee fees." On this exception alone, the Court administratively remanded to Master Bennett to evaluate and/or confirm that the final figures contained in the Agreed Order were appropriate. Master Bennett's Recommendation as a result of the Remand was dated January 22, 2015. Exception number 6 was not raised on this appeal. Exception number 1 is the focus of this Opinion and is two-fold in analysis. One being whether the full amount of Respondent's trust distributions should be considered income for support purposes, and two being who bears the burden of proof when requesting the modification of a support order.

A.    The first prong of the analysis involves income as defined in 23 Pa. C.S. § 4302:

> **"Income."** Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or

---

[3] Respondent had been a Trustee of the Henry S. McNeil, Jr. Trusts up until May 24, 2013, and as such received a fee for services during the years in which he served.

[4] Trust income plus income from other reportable sources.

5

settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

For a resource to be considered income for support purposes it must reasonably fit within one of the enumerated categories. Humphreys v. DeRoss, 567 Pa. 614, 619; 790 A.2d 281 (2002). In Humphreys, our Supreme Court reasoned that inheritance is a common means of transferring wealth, so if it were the intent of the legislature to include it in the definition it would have listed inheritance among the categories of income. *Id.* at 620. Furthermore, if the legislature included "income from an interest in an estate or trust" but did not list the principal of an estate or trust, it is reasonable "to assume that the legislature did not intend to include the principal" of an estate or trust in the definition of income for support purposes. *Id.* In Humphreys, the Supreme Court held that the trial court had "abused its discretion" by including the inheritance received by Appellant as income for support purposes and reversed and remanded.

Here, as in Humphreys, the issue concerns an income resource. Petitioner asserts that the Respondent has failed to show that the trust distributions contain principal or come from the corpus. Respondent asserts that the division of trust interest and dividends is reflected on his individual tax returns. The Master had to, and did rely on the testimony and documental evidence presented at the hearing, and the supplemental briefs.

Respondent receives distributions from trust accounts. Respondent gave testimonial evidence, and produced tax returns to show the amount of interest and dividend income distributed to him from those trusts in 2011 and 2012. Master's Hr'g, 94:19-20, 05/12/2014; Ex. D-1, D-2 respectively. The interest income and dividend income of the distributions are reported on Respondent's timely filed, federal income tax

6

returns. (Ex. D-1, D-2). The tax returns were entered into evidence at the Master's hearing along with other documents regarding the trusts. (*Master's Report* at 1-2).

Petitioner asserted at the Exceptions Hearing that the trusts increased in value from January 1, 2011 to December 31, 2013. Exceptions Hr'g, 13:1-9, 11/24/2014. Petitioner furthers that since the increase in the value of the trust in the specified years amounts to more than the distributions made to the Respondent from the trust in the specified years, the entire amount should be included as income for support purposes. Exceptions Hr'g, 13:14-19. Petitioner's exhibit, P-17, charts the cash flow of the trusts from 2004 through 2013, and reflects losses during economic turndowns as well as distributions and the aforementioned gains. (Ex. P-17). The yearly portfolio shows a balance of $45,727,207 in 2013, down from a closing balance of $59,704,220 in 2004. (Ex. P-17). Thus, while the trust increased in value between 2011 and 2013, that fact alone does not establish that Respondent's distributions came solely from the interest of the trust, and should be included as income to the Respondent for child support purposes.

A Master is required to base the report on the evidence presented at the hearing, and supplemental briefs or documents if requested. Based on the totality of the circumstance and all relevant factors the Master found that the income generated by the trust, listed on Respondent's tax returns, should be included for support purposes, but the principal should not.

This Court finds that the learned Master made no error of fact or law based on the totality of the all evidence submitted. The standard of review for support matters is whether the trial court abused its discretion based on clear and convincing evidence. Zullo v. Zullo, 531 Pa. 377, 380; 613 A.2d 544 (1992). An abuse of discretion is "Not

7

merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Id.* The Master correctly and properly, based the recommended Order, on the law and the evidence before him, on the aforesaid dates.

> **B.** The second prong of the analysis concerns the burden of proof. On this matter the Court relied on 23 Pa. C.S. § 4352(a), and case law.
>
> > 23 Pa. C.S. § 4352(a):
> >
> > (a) General rule.--The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order unless otherwise provided by Part VIII (relating to uniform interstate family support) or VIII-A (relating to intrastate family support) without limiting the right of the obligee, or the department if it has an assignment or other interest, to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated. The Supreme Court shall by general rule establish procedures by which each interested party shall be notified of all proceedings in which support obligations might be established or modified and shall receive a copy of any order issued in a case within 14 days after issuance of such order. **A petition for modification of a support order may be filed at any time and shall be granted if the requesting party demonstrates a substantial change in circumstances.**

"When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstance has occurred since the entry of the original or modified order. The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed circumstance." Samii v. Samii, 847 A.2d 691, 695 (Pa. Super. 2004).

Petitioner's attorney stated on the record, at the Exceptions Hearing, that Respondent receives a "fixed percentage of or a set amount from the trust without regard to whether it

8

was principal or income. And the amount could include capital gains, interest and dividends." Exceptions Hr'g, 12:1-5, 11/24/2014. Petitioner subpoenaed Brett W. Senior, Esquire, a trustee, to testify and produce documents about the trust at the May 12[th] Master's hearing. Exceptions Hr'g, 23:1-2. Documents were produced in early May, but Mr. Senior was not present at the Master's hearing.[5] Petitioner's counsel stated that they did not pursue Mr. Senior because they did not feel Petitioner needed Mr. Senior's testimony. Exceptions Hr'g, 23:6-19. Petitioner's counsel further asserted that it was their position that the burden was on Respondent to "support this claim that somehow this was principal to him, or the original corpus of the trust" Exceptions Hr'g, 23:19-23.

Here again, the Master had to rely on the evidence and testimony presented at the hearing, and supplemental documents. The Exhibits included letter and email correspondence, tax returns, notices, motions, requests, responses, answers, a subpoena, trust documents, and Respondent's portfolio review including cash flows and yearly performance charts. (*Master's Report*, 1-2). Petitioner and Respondent gave testimony and the Master found their testimony credible. The burden was on the Petitioner to prove by competent evidence that the facts presented established that there was a material and substantial change of circumstance. Petitioner failed to carry that burden in regard to establishing whether the full trust should be included as income for support purposes as oppose to only the interest and dividend income of the trust listed on the Respondent's tax returns using information gained from the trust K-1 forms. Thus, Petitioner failed to show a material and substantial change in circumstance.

---

[5] A review of the record shows Mr. Senior obtained counsel and filed a Motion for Protective Order. The record is silent on any further proceedings in regard to this matter.

## V.   Conclusion

The Exceptions to the Master's report are denied, in part, and granted in part. The Exceptions are granted only to the extent of the Agreed Order dated December 4, 2014. Additionally, the administrative remand is ordered only to evaluate counsel's final figures contained in the Agreed order to determine an accurate support obligation. The Exception to the Master's report, for failing to include the full amount of the Respondent's trust distributions as income for the calculation of support, and applicable burden of proof is denied.

Robert J. Matthews, Sr. J.