J-A01034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA H. DISANTI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT R. DISANTI, | : | |
| | : | |
| Appellant | : | No. 871 WDA 2016 |

Appeal from the Order Entered May 19, 2016
in the Court of Common Pleas of Allegheny County
Family Division at No(s): FD 99-002811-005

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 07, 2017**

Robert R. DiSanti (Father) appeals from the order entered May 19, 2016, which granted the petition for civil contempt and special relief filed by Patricia H. DiSanti (Mother).  On appeal Father challenges the grant of that motion as well as the trial court's denial of his request for a custody modification.  For the reasons that follow, we affirm.

The history of this case spans well over a decade and includes over a dozen appeals to this Court.  As such, we decline to recite a complete factual and procedural history here.  Pertinent to this appeal, Father and Mother were once married and are the parents to two minor children: J.D., born in March of 1999, and R.D., born in December of 2001 (Children).  Custody of Children has been heavily-litigated resulting in several court orders.  Currently, Mother has primary legal and physical custody of Children.  As of

_____
* Retired Senior Judge assigned to the Superior Court

a June 2011 order, Father's partial custody with Children has been suspended pending completion of court-ordered therapy, although he is entitled to supervised visitation. *See* Order, 6/28/2011.

On May 3, 2016, Mother filed a petition for civil contempt and special relief, averring, *inter alia*, Father was in violation of the trial court's prior orders because Father was having unsupervised contact with J.D. Father filed a response and new matter, denying the allegations and requesting the trial court modify the current custody order. Following a hearing on Mother's petition, the trial court found Father in contempt and ordered him, *inter alia*, to pay Mother's counsel fees and have no contact with Children. Order, 5/18/2016. Father's request for modification of custody was not addressed, nor was a hearing set. Father filed a motion for reconsideration, which was subsequently denied on May 31, 2016. In this order, the trial court specifically denied Father's request for a modification hearing, stating Father's "filing is improper as he did not meet the bond conditions put in place by prior order[.]" Order, 5/31/2016. Father timely filed a notice of appeal on June 15, 2016.

Father raises the following issues on appeal, which we have reordered for ease of disposition.

> 1. Did the trial court commit an abuse of discretion and/or error of law when it failed to recuse itself after denying [F]ather a fair trial when it utilized the witness stand for [its] law clerk to act as a quasi-judicial officer and forcing a minor child to sit next to his abuser causing the coerced testimony from the minor to be unseen and unheard?

2. Did the trial court commit an abuse of discretion and/or error of law by denying [F]ather due process when it failed to conduct a custody modification hearing and finding [F]ather in contempt of court denied [F]ather a fair trial?

Father's Brief at 8 (suggested answers omitted). [1],[2]

We address Father's issues mindful of the following.

Our standard of review when considering an appeal from an order holding a party in contempt of court is narrow: We will reverse only upon a showing of an abuse of discretion. The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. This court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt.

*Godfrey v. Godfrey*, 894 A.2d 776, 780 (Pa. Super. 2006) (quotations and citations omitted). "An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." *Simmons v. Simmons*, 723 A.2d 221, 222 (Pa. Super. 1998).

First, Father avers the trial court abused its discretion by: (1) failing to recuse itself; (2) allowing the court's law clerk to sit on the witness stand during the hearing; and (3) forcing J.D. to sit next to his "abuser" (Mother), where it was difficult for Father and his counsel to hear J.D.'s testimony. Father's Brief at 18-22. Upon a review of the pertinent filings and hearing

---

[1] Mother did not file a response brief.

[2] Although numbered, the majority of pages within Father's brief are numbered as page "1." Accordingly, we have renumbered the pages.

transcript, we find Father did not: (1) request the trial court recuse itself; (2) object to the law clerk sitting on the witness stand; or (3) object to the location from which J.D. was sitting and testifying. N.T., 5/18/2016. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Father's failure to raise these issues at the appropriate time is fatal to his claim. No relief is due.[3]

Father next contends the trial court erred in finding him in contempt, and for failing to conduct a custody modification hearing. Father's Brief at 21. In regard to the former argument, Father's rambling brief sets forth several grievances that he avers resulted in the denial of a fair trial. However, Father does not dispute the findings of the trial court that he was having unsupervised contact with J.D., in direct violation with the court's prior orders, nor does Father contend he was unaware of the orders prohibiting such contact.

> To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the

---

[3] We are cognizant that following the grant of Mother's contempt petition, Father filed a pleading titled "Motion for Reconsideration and Recusal," which the trial court subsequently denied. Notably, the only mention of recusal is in the title of the pleading, and the contents of the motion do not include any request for the trial court to recuse itself nor does it provide any averments in support of such a request. For this reason, and the reasons cited *supra*, we find this issue has not been properly preserved for our review.

contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent.

***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa. Super. 2012). While finding Father facilitated the contact, the trial court did recognize it was J.D. and not Father who initiated contact. Nonetheless, the court found Father used this contact with J.D. "as an occasion to put together a letter," later sent to the Judge who had previously presided over the parties case, detailing abuse that was occurring in Mother's home. Although it was in part authored by J.D., J.D. testified that he had spoken to Father about what was going on in Mother's home and Father "glorified" what J.D. told him, and made "it seem bigger than it was." N.T., 5/18/2016, at 31.

On appeal, Father's averments that the court erred in finding him in contempt focus largely on the purportedly "coerced" testimony of J.D.[4] Our standard of review provides great deference to the trial court, and it is not this Court's function to make credibility determinations. As such, we find the record evinced sufficient facts to establish Father's contempt.

Lastly, we review Father's contention that the trial court erred in failing to conduct a custody modification hearing. As stated *supra*, following Mother's filing of a petition for contempt and special relief, Father filed an answer and new matter in which Father requested the trial court to modify the current custody order. The trial court did not address this request at the

---

[4] At the hearing, Father denied having any part in drafting the letter. The trial court credited J.D.'s testimony, and found Father's version was not credible. N.T., 5/18/2016, at 86-88.

contempt hearing or in its subsequent order of court, although it did file an order in response to Father's motion for reconsideration, denying Father relief.[5]

In its 1925(a) opinion the trial court stated that Father's "'new matter' was properly denied for Father's failure to comply with the bond requirements established by prior [o]rders in this case." Trial Court Opinion, 8/22/2016. By way of further background, a review of the record reveals the trial court instituted a requirement that Father must post a $1,500 bond,[6] prior to filing "for any custody related matters including but not limited to contempt, modification[,] or special relief." *See* Order, 7/2/2010. At the contempt hearing, Father acknowledged he was aware of the bond requirement and that he had not posted it prior to filing his new matter. N.T., 5/18/2016, at 41-42, 60.

On appeal, Father does not dispute the fact that there is a bond requirement which he must pay prior to raising custody related issues with the trial court. As such, we cannot find the trial court erred in denying

---

[5] We recognize that the May 19, 2016 order from which Father appeals does not dispose of Father's new matter. Rather it was the trial court's May 31st order denying Father's motion for reconsideration that addressed his request for a modification hearing. The latter order has not been appealed by Father. Nonetheless, because we find the trial court erred in failing to address Father's request for modification in its May 19th order disposing of Mother's contempt petition, we decline to dismiss this issue and will therefore address the merits of his argument herein.

[6] *See* Order, 12/15/2009 (reinstating $1,500 bond prior to filing any motions).

Father's request for modification as improper when Father failed to meet the requirements established in prior court orders. No relief is due.

Accordingly, because we find no abuse of discretion, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2017